**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| | ) | |
| IP CO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| vs. | ) | |
| | ) | |
| TROPOS NETWORKS, INC., | ) | NO.: 1:06 CV-0585-CC |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**TROPOS NETWORKS, INC.'S ANSWER TO FIRST AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant, Tropos Networks, Inc. ("Tropos") hereby responds to the First

Amended Complaint filed by Plaintiff IP CO., LLC ("IPCO") and states as

follows:

**ANSWER**

1.      Tropos admits that IPCO purports to be a Georgia limited liability

corporation headquartered in Atlanta, Georgia.

2.      Tropos admits that it is a corporation organized and existing under the

laws of the State of Delaware and has its principal place of business at 555 Del

Ray Avenue, Sunnyvale, California 94085.

3.    Tropos admits that the First Amended Complaint purports to recite an action arising under the patent laws of the United States.  Tropos admits that this Court would have subject matter jurisdiction under 28 U.S.C. § 1338 of a proper claim so stated, but denies IPCO's entitlement to relief relating to such a claim.

4.    Tropos admits that it has conducted some business in Georgia, including this judicial district, but denies that its actions and conduct relate to or constitute the infringement alleged by IPCO.  Tropos admits that it has a registered agent located at 1730 South Amphlett Boulevard, Suite 304, San Mateo, California 94402.

5.    Tropos admits that IPCO purports to base venue on 28 U.S.C. §§ 1391 and 1400, but denies that venue is appropriate based on the first to file rule. Tropos denies that it has committed acts of infringement in this judicial district, within the State of Georgia, or elsewhere.

## COUNT I

6.    Tropos repeats and incorporates herein its responses to Paragraphs 1 through 5.

7.    Tropos admits that United States Patent No. 6,249,516 ("the '516 Patent") is entitled "Wireless Network Gateway and Method for Providing Same," and reflects an issue date of June 19, 2001.  Tropos denies that the '516 Patent was

duly and legally issued by the United States Patent and Trademark Office after a full and fair examination. Tropos admits that Exhibit A to the First Amended Complaint appears to be a copy of the '516 Patent.

8. Tropos admits that IPCO purports to be the owner by assignment of the '516 Patent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the First Amended Complaint, and therefore denies same.

9. Tropos admits that it makes, uses, offers to sell and/or sells a wireless mesh network system.

10. Tropos denies that it has infringed or is infringing any valid claim of the '516 Patent by making, using, offering to sell, and/or selling its wireless mesh network system. Tropos denies that it is infringing the '516 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell and/or selling within the United States products and services that practice the alleged invention of the '516 Patent; (b) importing into the United States the alleged inventions of the '516 Patent; (c) contributing to the infringement of the '516 Patent by others in the United States; or (d) inducing others to infringe the '516 Patent within the United States.

11.     Tropos denies that it has infringed the '516 Patent, directly, through inducement or contributorily, and also denies that any infringement has been willful or deliberate after receipt of notice of the '516 Patent.

12.     Tropos denies that it has infringed the '516 Patent, directly, through inducement or contributorily, and therefore denies that IPCO has suffered or will continue to suffer damages or irreparable harm unless Tropos is enjoined.

## COUNT II

13.     Tropos repeats and incorporates herein its responses to Paragraphs 1 through 12.

14.     Tropos admits that United States Patent No. 6,044,062 ("the '062 Patent") is entitled "Wireless Network Gateway and Method for Providing Same," and reflects an issue date of March 28, 2000. Tropos denies that the '062 Patent was duly and legally issued by the United States Patent and Trademark Office after a full and fair examination. Tropos admits that Exhibit B to the First Amended Complaint appears to be a copy of the '062 Patent.

15.     Tropos admits that IPCO purports to be the owner by assignment of the '062 Patent, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore denies same.

16.     Tropos admits that it makes, uses, offers to sell and/or sells a wireless mesh network system.

17.     Tropos denies that it has infringed or is infringing any valid claim of the '062 Patent by making, using, offering to sell, and/or selling its wireless mesh network system. Tropos denies that it is infringing the '062 Patent under 35 U.S.C. § 271 by performing, without authority, one or more of the following acts: (a) making, using, offering to sell and/or selling within the United States products and services that practice the alleged invention of the '062 Patent; (b) importing into the United States the alleged inventions of the '062 Patent; (c) contributing to the infringement of the '062 Patent by others in the United States; or (d) inducing others to infringe the '062 Patent within the United States.

18.     Tropos denies that it has infringed the '062 Patent, directly, through inducement or contributorily, and therefore denies that any infringement has been willful or deliberate after receipt of notice of the '062 Patent.

19.     Tropos denies that it has infringed the '062 Patent, directly, through inducement or contributorily, and also denies that IPCO has suffered or will continue to suffer damages or irreparable harm unless Tropos is enjoined.

20.     Tropos denies any and all allegations of IPCO's First Amended Complaint that have otherwise not been admitted or responded to herein.

## AFFIRMATIVE DEFENSES

Tropos hereby asserts the following affirmative defenses without prejudice to Tropos' right to modify or withdraw any defense and/or assert additional defenses, subject to information obtained through the formal discovery process.

### First Affirmative Defense

Tropos has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any valid claim of the '062 Patent.

### Second Affirmative Defense

Tropos has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any valid claim of the '516 Patent.

### Third Affirmative Defense

The '062 Patent, and each and every claim thereof, is invalid for failure to comply with the conditions for patentability set forth in Title 35, United States Code, including without limitation §§102, 103 and 112.

### Fourth Affirmative Defense

The '516 Patent, and each and every claim thereof, is invalid for failure to comply with the conditions for patentability set forth in Title 35, United States

Code, including without limitation §§ 102, 103 and 112.

## Fifth Affirmative Defense

IPCO is estopped from asserting infringement of the '062 Patent by virtue of the fact that during the proceedings relating to the issuance of the '062 Patent in the United States Patent and Trademark Office, the admissions, representations and amendments made by the alleged patentees and/or their attorneys prevent a construction of the claims of the '062 Patent broad enough to encompass any product made, used, sold, or offered for sale by Tropos.

## Sixth Affirmative Defense

IPCO is estopped from asserting infringement of the '516 Patent by virtue of the fact that during the proceedings relating to the issuance of the '516 Patent or its predecessor in the United States Patent and Trademark Office, the admissions, representations and amendments made by the alleged patentees and/or their attorneys prevent a construction of the claims of the '516 Patent broad enough to encompass any product made, used, sold, or offered for sale by Tropos.

## Seventh Affirmative Defense

The '062 Patent, and each and every claim thereof, is unenforceable as to Tropos as a result of improper conduct by IPCO in the marketplace and misuse of its alleged patent rights.

## Eighth Affirmative Defense

The '516 Patent, and each and every claim thereof, is unenforceable as to Tropos as a result of improper conduct by IPCO in the marketplace and misuse of its alleged patent rights.

## Ninth Affirmative Defense

Upon information and belief, the '062 Patent, and each and every claim thereof, is unenforceable as a result of inequitable conduct on the part of at least the named inventor, Edwin B. Brownrigg, during the prosecution of the patent application that matured into the '062 Patent.

The '062 Patent issued from U.S. Application Serial No. 08/760,895 (the "'895 Application"), which was filed on December 6, 1996. Edwin B. Brownrigg is named as one of the purported inventors of the subject matter claimed in the '062 Patent. Brownrigg is a co-author of an article entitled "A Packet Radio Network for Library Automation," which was published by the Institute of Electrical and Electronics Engineers in October, 1987 ("the 1987 Brownrigg Article"). Brownrigg is also a co-author of a textbook entitled "Packet Radio Networks: Architectures, Protocols, Technologies and Applications," which was published by Pergamon Press in 1987 ("the 1987 Brownrigg Book"). The 1987 Brownrigg Article and the 1987 Brownrigg Book are both material to the

patentability of the subject matter claimed in the '062 Patent.

Brownrigg had a duty of candor and good faith in dealing with the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that matured into the '062 Patent, including a duty to disclose material information to the USPTO relating to patentability of the alleged invention in this patent. Brownrigg breached his duty of candor, good faith, and the requirement to disclose material information to the USPTO relating to the application that matured into the '062 Patent. Specifically, on information and belief, despite having knowledge of the materiality of the 1987 Brownrigg Article and the 1987 Brownrigg Book since their publication in 1987, and with the intent to deceive the USPTO and the examiner reviewing the '895 Application, Brownrigg intentionally withheld the 1987 Brownrigg Article and the 1987 Brownrigg Book from the USPTO during the prosecution of the '895 Application in violation of the duty of candor and good faith owed under 37 C.F.R. § 1.56. The aforesaid conduct of Brownrigg constitutes inequitable conduct that renders the '062 Patent unenforceable.

## Tenth Affirmative Defense

Upon information and belief, the '516 Patent, and each and every claim thereof, is unenforceable as a result of inequitable conduct on the part of at least

the named inventor, Brownrigg, during the prosecution of the patent application that matured into the '516 Patent.

The '516 Patent issued from U.S. Patent Application Serial No. 09/492,930 (the "'930 Application"). The '930 Application was filed on January 27, 2000 as a divisional application of the '895 Application, which matured into the '062 Patent. Brownrigg was named as one of the purported inventors of the subject matter claimed in the '516 Patent. Brownrigg is a co-author of the 1987 Brownrigg Article ("A Packet Radio Network for Library Automation," Institute of Electrical and Electronics Engineers, October, 1987) and the 1987 Brownrigg Book ("Packet Radio Networks: Architectures, Protocols, Technologies and Applications," Pergamon Press (1987)). The 1987 Brownrigg Article and the 1987 Brownrigg Book are both material to the patentability of the subject matter claimed in the '062 Patent.

Brownrigg had a duty of candor and good faith in dealing with the USPTO during the prosecution of the application that matured into the '516 Patent, including a duty to disclose material information to the USPTO relating to patentability of the alleged invention in this patent. Brownrigg breached his duty of candor, good faith, and the requirement to disclose material information to the USPTO relating to the application that matured into the '516 Patent. Specifically,

10

on information and belief, despite having knowledge of the materiality of the 1987 Brownrigg Article and the 1987 Brownrigg Book since their publication in 1987, and with the intent to deceive the USPTO and the examiner reviewing the '930 Application, Brownrigg intentionally withheld the 1987 Brownrigg Article and the 1987 Brownrigg Book from the USPTO during the prosecution of this application in violation of the duty of candor and good faith owed under 37 C.F.R. § 1.56.

The aforesaid conduct of Brownrigg constitutes inequitable conduct that renders the '516 Patent unenforceable. To the extent Brownrigg committed inequitable conduct during the prosecution of the '895 Application that matured into the '062 Patent, that conduct in and of itself renders the claims of the '516 Patent unenforceable because the '930 Application from which the '516 Patent issued is related to the '895 Application.

### Eleventh Affirmative Defense

IPCO has failed to comply with the provisions of 35 U.S.C. § 287.

### Twelfth Affirmative Defense

IPCO has come to Court with unclean hands.

### Thirteenth Affirmative Defense

IPCO's claims are barred by the doctrine of waiver.

**Fourteenth Affirmative Defense**

IPCO's claims are barred by the doctrine of laches.

**Fifteenth Affirmative Defense**

IPCO's First Amended Complaint fails to state a claim upon which relief can be granted.

**Sixteenth Affirmative Defense**

IPCO has not suffered any injury or damages.

**Seventeenth Affirmative Defense**

IPCO has failed to mitigate any injury or damages it may have suffered.

**Eighteenth Affirmative Defense**

IPCO is not entitled to equitable relief because it has an adequate remedy at law.

**Nineteenth Affirmative Defense**

IPCO is not entitled to a finding of willful infringement or enhanced damages because Tropos believes in good faith that it does not infringe any valid claim of the '062 Patent and/or that the '062 Patent is invalid for failure to comply with the conditions for patentability set forth in Title 35, United States Code.

**Twentieth Affirmative Defense**

IPCO is not entitled to a finding of willful infringement or enhanced

damages because Tropos believes in good faith that it does not infringe any valid claim of the '516 Patent and/or that the '516 Patent is invalid for failure to comply with the conditions for patentability set forth in Title 35, United States Code.

### Twenty-First Affirmative Defense

On information and belief, the '062 patent is invalid, expired and unenforceable due to improper certifications filed with USPTO to revive the expired '062 patent after it went abandoned for failure to pay applicable maintenance fees.

### Twenty-Second Affirmative Defense

IPCO's First Amended Complaint should be dismissed in favor of Tropos' Complaint in Civil Action No. Case No. 1:06-CV-1659-CC, originally filed against IPCO in the United States District Court, Northern District of California and subsequently transferred to this Court, because it encompasses, but is not limited to, the issues raised by IPCO's First Amended Complaint.

### Twenty-Third Affirmative Defense

Venue is improper in this judicial district based on the first filed rule.

### COUNTERCLAIMS

Plaintiff Tropos Networks, Inc. ("Tropos") asserts the following counterclaims against Defendant IPCO, LLC ("IPCO") and alleges as follows:

## NATURE OF ACTION

1.     This action is based, in part, on the patent laws of the United States, Title 35 of the United States Code.  Tropos seeks a declaration that its activities do not infringe United States Patent Nos. 6,249,516 ("the '516 Patent") and 6,044,062 ("the '062 Patent"), and/or that these patents are invalid and unenforceable.  This action is also based, in part, on claims arising under Georgia and California law, including California's Business and Professions Code Section 17200, which prohibits unfair business practices.  Tropos seeks relief from IPCO's intentional interference with Tropos' contracts and prospective economic advantage, and from IPCO's unfair competition and unfair business practices.

## THE PARTIES

2.     Tropos is a corporation organized and existing under the laws of the State of Delaware, having offices at 555 Del Rey Avenue, Sunnyvale, CA.

3.     Upon information and belief, IPCO is a limited liability company organized and existing under the laws of the State of Georgia, having business addresses at 200 Galleria Parkway, Suite 1820, Atlanta, GA and 2859 Paces Ferry Road, Atlanta, GA.

## JURISDICTION AND VENUE

4.     This is a civil action regarding false allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Tropos seeks declaratory judgment under the Declaratory Judgment Act.  Thus, the Court has jurisdiction over the subject matter of this matter under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  This is also a civil action arising under the laws of the States of Georgia and California.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the matter in controversy exceeds $75,000.  Further, this Court has supplemental jurisdiction over Tropos' state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over IPCO because IPCO sued Tropos in this judicial district and because, on information and belief, IPCO is a Georgia company that regularly conducts business activities in the State of Georgia and this judicial district, including the tortious actions and conduct alleged herein.

6.     Venue is proper for Tropos' counterclaims because IPCO sued Tropos in this judicial district.

## GENERAL ALLEGATIONS

7.      On information and belief, IPCO is an Intellectual Property holding company that purports to have acquired rights by assignment in certain third-party patents and patent applications.

8.      On information and belief, the '516 and '062 Patents were assigned by CommUnique Wireless, LLC to IPCO on December 11, 2004.

9.      The '516 Patent issued on June 19, 2001 from U.S. Patent Application Serial No. 09/492,930 ("the '930 Application").  The '930 Application was filed on January 27, 2000 as a divisional of U.S. Patent Application Serial No. 08/760,895 ("the '895 Application").  The '895 Application matured into the '062 Patent, which issued on March 28, 2000.

10.     The '516 Patent and the '062 Patent purport to be directed to wireless network systems.

11.     On information and belief, IPCO holds, or has a financial or other interest in additional patents relating to wireless mesh networking that have served as the basis for threats against Tropos and/or its customers.

### IPCO Threatens Tropos and its Business Relationships

12.     Tropos is in the business of designing, developing and providing metro-scale Wi-Fi mesh network products and services ("Mesh Network

Products").

13.     Tropos has on-going and potential relationships with leading business partners and customers in the mesh network market.

14.     IPCO has improperly asserted one or more of its wireless mesh network patents against Tropos, and companies like Tropos, that provide Mesh Network Products.

15.     IPCO, or its agents, falsely and in bad faith, informed one or more of Tropos' partners or customers that Tropos and/or their partners or customers are infringing the '516 and '062 Patents and/or that doing business with Tropos would result in liability to them because of Tropos' alleged patent infringement.

16.     As a result of IPCO's conduct, which bore no relation to a legitimate attempt at dispute resolution, Tropos' existing and prospective business relationships with one or more of its partners or customers have been damaged.

17.     On information and belief, IPCO's claims of Tropos' patent infringement were made in bad faith, and with full knowledge and appreciation that the '516 and '062 Patents are invalid, and were procured by fraud and inequitable conduct.

18. IPCO's claims of Tropos' patent infringement were made with full knowledge and appreciation that the validity and enforceability of the '516 Patent were being challenged in federal court.

**IPCO's Patents Are Not Infringed, Are Invalid And Are Unenforceable**

19. The '516 and '062 Patents are not infringed, either literally or under the doctrine of equivalents, by any Mesh Network Product manufactured, used, sold, offered for sale, or imported by Tropos, or provided by Tropos to its customers.

20. The '516 and '062 Patents are invalid under Title 35, United States Code, including 35 U.S.C. §§102, 103 and 112.

21. Several pieces of material prior art were not before the USPTO during the prosecution of the '895 and the '930 Applications, which matured into the '516 and '062 Patents. On information and belief, had this prior art been before the USPTO during the prosecution of the '895 and '930 Applications, the '516 and '062 Patents would not have issued.

22. On information and belief, the '516 and '062 Patents are also unenforceable due to inequitable conduct by at least one of the purported inventors during the prosecution of the applications that matured into these patents.

23.     Purported inventor Edwin B. Brownrigg ("Brownrigg") is a co-author of an article entitled "A Packet Radio Network for Library Automation," which was published by the Institute of Electrical and Electronics Engineers in October, 1987 ("the 1987 Brownrigg Article").

24.     Brownrigg is also a co-author of a textbook entitled "Packet Radio Networks: Architectures, Protocols, Technologies and Applications," which was published by Pergamon Press in 1987 ("the 1987 Brownrigg Book").

25.     The 1987 Brownrigg Article and the 1987 Brownrigg Book are both material to the patentability of the subject matter claimed in the '516 and '062 Patents.

26.     Brownrigg had a duty of candor and good faith in dealing with the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that matured into the '516 and '062 Patents, including a duty to disclose material information to the USPTO relating to patentability of the alleged inventions in these patents.

27.     Brownrigg breached his duty of candor, good faith, and the requirement to disclose material information to the USPTO relating to the applications that matured into the '516 and '062 Patents.

28.     Specifically, on information and belief, despite having knowledge of the materiality of the 1987 Brownrigg Article and the 1987 Brownrigg Book since their publication in 1987, and with the intent to deceive the USPTO and the examiner reviewing the '895 and '930 Applications, Brownrigg intentionally withheld the 1987 Brownrigg Article and the 1987 Brownrigg Book from the USPTO during the prosecution of these applications in violation of the duty of candor and good faith owed under 37 C.F.R. § 1.56.

29.     The aforesaid conduct of Brownrigg constitutes inequitable conduct that renders the '516 and '062 Patents unenforceable.

30.     On information and belief, the '062 patent is invalid, expired and unenforceable due to improper certifications filed with USPTO to revive the expired '062 patent.

## FIRST CAUSE OF ACTION

**Declaration That The '516 Patent Is Invalid, Unenforceable And/Or Not Infringed**

31.     Tropos repeats and incorporates herein Paragraphs 1 through 30 of its counterclaims.

32.     An actual, live and justiciable controversy exists between Tropos and IPCO as to whether Tropos' Mesh Network Products infringe IPCO's alleged

rights under the '516 Patent, and whether the '516 Patent, and each of its claims, are valid and/or enforceable.

33.    IPCO contends that the '516 Patent, and each of its claims, are valid and enforceable, and that Tropos and/or their customers infringe the '516 Patent.

34.    Tropos denies those contentions, and alleges that the '516 Patent, and each of its claims, are not infringed, are invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. §§102, 103 and 112, and are unenforceable due to inequitable conduct on the part of at least one of the named inventors during the prosecution of the application that matured into the '516 Patent.

35.    As a result, Tropos seeks, and is entitled to, a judgment against IPCO that the '516 Patent, and each of its claims, are invalid, unenforceable and/or not infringed, either literally or under the doctrine of equivalents.

## SECOND CAUSE OF ACTION

**Declaration That The '062 Patent Is Invalid, Unenforceable And/Or Not Infringed**

36.    Tropos repeats and incorporates herein Paragraphs 1 through 35 of its counterclaims.

37.    An actual, live and justiciable controversy exists between Tropos and IPCO as to whether Tropos' Mesh Network Products infringe IPCO's alleged

rights under the '062 Patent, and whether the '062 Patent, and each of its claims, are valid and/or enforceable.

38.     IPCO contends that the '062 Patent, and each of its claims, are valid and enforceable, and that Tropos and their customers infringe the '062 Patent.

39.     Tropos denies those contentions, and alleges that the '062 Patent, and each of its claims, are not infringed, are invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. §§102, 103 and 112, and are unenforceable due to inequitable conduct on the part of at least one of the named inventors during the prosecution of the application that matured into the '062 Patent and the filing of improper certifications to revive the expired '062 patent..

40.     As a result, Tropos seeks, and is entitled to, a judgment against IPCO that the '062 Patent, and each of its claims, are invalid, unenforceable and/or not infringed, either literally or under the doctrine of equivalents.

## THIRD CAUSE OF ACTION

### Declaration Of Non-Interference With Patent Rights

41.     Tropos repeats and incorporates herein Paragraphs 1 through 40 of its counterclaims.

42.     On information and belief, an actual, live and justiciable controversy exists concerning Tropos' freedom to operate free of infringement claims by IPCO,

and as a result Tropos seeks, and is entitled to, a judgment against IPCO that

Tropos is not infringing any valid and enforceable claim of IPCO's patents.

## FOURTH CAUSE OF ACTION

### Tortious Interference with Contractual Relations Under California Law

43. Tropos repeats and incorporates herein Paragraphs 1 through 42 of its counterclaims.

44. Tropos seeks to recover damages based upon a claim that IPCO interfered with Tropos' contractual relationships.

45. Tropos has/had an existing contract(s) with one or more of its partners or customers.

46. IPCO knew of the existence of these contract(s).

47. IPCO interfered with these contracts and engaged in wrongful acts or conduct intended to prevent Tropos' performance, cause Tropos' performance to be more expensive or burdensome, and/or reduce the likelihood that one or more of Tropos' partners or customers will continue their contracts with Tropos, or enter into new contracts with Tropos in the future.

48. IPCO's conduct in fact interfered with said contracts and caused Tropos' performance to be more expensive or burdensome, strained the contractual relationship and/or reduced the likelihood that one or more of Tropos' partners or

customers will continue their contracts with Tropos, or enter into new contracts with Tropos in the future.

49.     IPCO's conduct constitutes an intentional interference with existing contract(s) held by Tropos and was done with an improper purpose and by an improper means.

50.     As a direct and proximate cause of IPCO's acts, Tropos has been damaged in an amount in excess of $75,000, exclusive of interest, attorney's fees, and costs.

51.     IPCO's conduct was willful or malicious, or intentionally fraudulent, manifested a knowing and reckless indifference toward and disregard of Tropos' rights.  Thus, Tropos is entitled to an award of punitive damages against IPCO.

## FIFTH CAUSE OF ACTION

### Tortious Interference with Prospective Economic Advantage Under California Law

52.     Tropos repeats and incorporates herein Paragraphs 1 through 51 of its counterclaims.

53.     Tropos seeks to recover damages based upon a claim that IPCO interfered with Tropos' prospective economic advantage.

54.     An economic relationship(s) existed between Tropos and one or more of its partners or customers containing probable future economic benefits or advantages to Tropos.

55.     IPCO knew of the existence of the relationship(s).

56.     IPCO engaged in wrongful acts or conduct with the intent of interfering with or disrupting Tropos' economic relationship(s), or with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of IPCO's actions.

57.     As a result of IPCO's conduct, Tropos' economic relationship(s) were actually interfered with or disrupted.

58.     IPCO's conduct constitutes an intentional interference with potential economic advantages of Tropos and was done with an improper purpose and by an improper means.

59.     As a direct and proximate cause of IPCO's actions, Tropos has been damaged in an amount in excess of $75,000, exclusive of interest, attorney's fees, and costs.

60.     IPCO's conduct was willful or malicious, or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and

disregard of Tropos' rights.  Thus, Tropos is entitled to an award of punitive

damages against Defendants.

## SIXTH CAUSE OF ACTION

**Unfair Competition Under California's Unfair Business Practices Act
(Bus. & Prof. Code § 17200)**

61.     Tropos repeats and incorporates herein Paragraphs 1 through 60 of its

counterclaims.

62.     Tropos has existing and prospective business relationships with one or

more of its partners and customers.

63.     IPCO knew of these contract and economic relationships(s).

64.     IPCO engaged in wrongful conduct intended to prevent Tropos'

performance, cause Tropos' performance to be more expensive or burdensome,

interfere with, disrupt, or strained these relationship(s) and/or reduce the likelihood

that one or more of Tropos' partners or customers will continue their

relationship(s) with Tropos, or enter into new relationship(s) with Tropos in the

future.

65.     IPCO's conduct prevented Tropos' performance, caused Tropos'

performance to be more expensive or burdensome, interfered with, disrupted, or

strained these relationships and/or reduced the likelihood that one or more of

Tropos' partners or customers will continue their relationships with Tropos, or enter into new relationships with Tropos in the future.

66. IPCO's acts constitute unfair competition under Business and Professions Code Section 17200 and may be enjoined.

67. IPCO's conduct, as detailed above, constitutes, *inter alia*, an unfair business practice and/or unfair competition.

68. Tropos will suffer severe harm if these partners or customers will no longer conduct business with Tropos. As a further direct and proximate result, IPCO will continue such wrongful acts and business practices and continue to injure consumers and the competitive process.

69. Upon information and belief, unless enjoined, IPCO will continue such anti-competitive conduct and continue to harm consumers and competition in California.

70. Accordingly, Tropos requests that the Court enter a permanent injunction against IPCO enjoining IPCO's wrongful acts and business practices. As a result of IPCO's unfair practices, Tropos further seeks restitution against IPCO for their unlawful acts, and disgorgement of IPCO's ill-gotten gains. Tropos also seeks attorney's fees for having to bring this private attorney general action against IPCO.

## SEVENTH CAUSE OF ACTION

### Tortious Interference with Contract and/or Business Relationships Under Georgia Law

71.     Tropos repeats and incorporates herein Paragraphs 1 through 70 of its counterclaims.

72.     Tropos has/had an existing contract(s) and/or business relationships with one or more of its partners or customers.

73.     IPCO knew of the existence of these contract(s) and/or business relationships.

74.     IPCO acted improperly, unlawfully and without privilege in falsely informing, in bad faith, one or more of Tropos' partners or customers that Tropos and/or their partners or customers are infringing the '516 and '062 Patents and/or that doing business with Tropos would result in liability because of Tropos' alleged patent infringement.

75.     IPCO acted intentionally to prevent Tropos' performance, cause Tropos' performance to be more expensive or burdensome, and/or reduce the likelihood that one or more of Tropos' partners or customers will continue their contracts and/or business relationships with Tropos, or enter into new contracts and/or business relationships with Tropos in the future.

76.     IPCO's conduct in fact caused Tropos' performance to be more expensive or burdensome, strained the contractual and/or business relationship and/or reduced the likelihood that one or more of Tropos' partners or customers will continue their contracts and/or business relationships with Tropos, or enter into new contracts and/or business relationships with Tropos in the future.

77.     IPCO's conduct constitutes an intentional interference with existing contract(s) and/or business relationships held by Tropos and was done with an improper purpose, by an improper means and without privilege.

78.     As a direct and proximate cause of IPCO's acts, Tropos has been damaged in an amount in excess of $75,000, exclusive of interest, attorney's fees, and costs.

79.     As a result of IPCO's tortious interference with Tropos' contract(s) and/or business relationships, Tropos is entitled to an award of monetary damages, attorney's fees and litigation costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tropos prays for an Order and Judgment as follows:

1.     On the First, Second and Third Causes of Action, for an Order:

a.   Declaring that Tropos does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '516 or the '062 Patents;

b.   Declaring that each of the claims of the '516 and '062 Patents are invalid, unenforceable and void, and that IPCO is without any right or authority to enforce or threaten to enforce any claim of the '516 or '062 Patents against Tropos or any other party;

c.   Declaring that Tropos is free to operate without a cloud of infringement claims by IPCO; and

d.   Granting Tropos all appropriate monetary relief, including a finding that this case is an exceptional case under 35 U.S.C. §285 and awarding Tropos' reasonable attorneys fees and costs incurred in this action;

2.   On the Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action, for a Judgment in favor of Tropos and against IPCO in an amount to be determined at trial, including without limitation, restitution, disgorgement of IPCO's ill-gotten gains, interest, attorney's fees, litigation costs, punitive damages, and preliminary and permanent injunctive relief; and

3.     Granting Tropos such other and further relief, either in law or equity,

as the Court determines just and equitable.

## DEMAND FOR JURY TRIAL

Tropos hereby demands a jury trial as provided by law.

Respectfully submitted this 7th day of August, 2006.

**/s/ Damon J. Whitaker**
John W. Harbin
Georgia Bar No. 324130
Ryan T. Pumpian
Georgia Bar No. 589822
Damon J. Whitaker
Georgia Bar No. 75222

**POWELL GOLDSTEIN LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
Tel:   (404) 572-6600
Fax:   (404) 572-6999

– AND –

James A. Gale (*pro hac vice pending*)
Lawrence S. Gordon (*pro hac vice pending*)
Gregory L. Hillyer (*pro hac vice pending*)

**FELDMAN GALE, P.A.**
Miami Center, 19th Floor
201 South Biscayne Blvd.
Miami, FL  33131-4332

Attorneys for Tropos Networks, Inc.

<u>CERTIFICATE OF COMPLIANCE</u>

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared in Times New Roman 14-Point font, one of the font and point selections approved by this Court in Local Rule 5.1B.

**<u>/s/ Damon J. Whitaker</u>**
Georgia Bar No. 75222

<u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on August 7, 2006, a true and correct copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** was electronically filed with the Clerk of Court using the EM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

        **DUANE MORRIS LLP**
        John C. Herman (jcherman@duanemorris.com)
        Antony L. Sanacory (alsanacory@duanemorris.com)
        Michael Ridgway Jones (mrjones@duanemorris.com)


        <u>**/s/ Damon J. Whitaker**</u>
        John W. Harbin
        Georgia Bar No. 324130
        Ryan T. Pumpian
        Georgia Bar No. 589822
        Damon J. Whitaker
        Georgia Bar No. 75222

**POWELL GOLDSTEIN LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
Tel:   (404) 572-6600
Fax:   (404) 572-6999

Attorneys for Tropos Networks, Inc.