IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IPCO, LLC, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE |
| | ) |
| vs. | ) |
| | ) |
| TROPOS NETWORKS, INC., | ) NO.:  1:06 CV-0585-CC |
| | ) |
| Defendant. | ) |
| _____ | ) |

**TROPOS NETWORK, INC.'S MOTION TO STAY LITIGATION
PENDING REEXAMINATION OF THE '516 AND '062 PATENTS BY THE
UNITED STATES PATENT AND TRADEMARK OFFICE
WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, Tropos Networks, Inc. ("Tropos"), by and through its undersigned counsel, hereby files this Motion to Stay Litigation Pending Reexamination of U.S. Patent Nos. 6,249,516 ("'516 Patent") and 6,044,062 ("'062 Patent") by the United States Patent and Trademark Office ("USPTO"), and in support thereof, respectfully states as follows.

**I.   INTRODUCTION**

The '516 and '062 Patents are currently being reexamined by the USPTO. The basis for the reexaminations is that in light of certain prior art submitted to the

USPTO, substantial questions of patentability exist concerning all claims in these patents.  Because IPCO has asserted both the '516 and '062 Patents against Tropos, the reexamination proceedings will have a significant impact on the issues before the Court and the outcome of this litigation.  Tropos therefore files this Motion pursuant to the liberal policy favoring a stay of litigation where a subsequently filed reexamination will narrow the issues for trial, conserve the resources of the parties and promote judicial economy.

In all likelihood, reexamination will lead to cancellation or amendment of the claims of the '516 and '062 Patents.  In the event the claims of the '516 and '062 Patents are declared unpatentable, this patent litigation would be moot.  It would also be a waste of time and effort to construe the current claims of the '516 and '062 Patents, exchange infringement/invalidity contentions regarding same, and analyze the relevancy of the prior art, only to have these claims amended during reexamination.

By contrast, staying the litigations during the reexamination will simplify the issues at hand, streamline the parties' arguments and lessen the overall burden of litigation.  For example, the parties will be able to litigate the issues with greater clarity and efficiency in light of the USPTO's determination.  Moreover, the parties and the Court will benefit from the USPTO's expertise in assessing the

prior art and its application to the claims of the '516 and '062 Patents. Finally, because the above-styled action is only in its early procedural stages, the parties will not be unduly prejudiced or placed in a strategically disadvantageous position. Under such circumstances, this litigation is an ideal candidate for a stay.

## II.   RELEVANT BACKGROUND

### A.   The Tropos/IPCO Cases Involve The '516 and '062 Patents

There are currently two cases pending in this Court between Tropos and IPCO and both involve the '516 and '062 Patents. Specifically, *Tropos Networks, Inc. v. IPCO, LLC*, *et al.*, Case No.: 1:06 CV-1659-CC, is a declaratory judgment action in which Tropos requests a declaration that the '516 and '062 Patents are invalid, unenforceable and not infringed ("Tropos' Dec Action")[1]. IPCO's responsive pleading includes counterclaims in which IPCO asserts both the '516 and '062 Patents against Tropos. Thus, both the '516 and '062 Patents are at issue in Tropos' Dec Action.

Similarly, IPCO's Complaint in *IPCO, LLC v. Tropos Networks, Inc.*, Case No: 1:06 CV-0585-CC ("IPCO's Second Action") includes allegations of patent infringement against Tropos under the '516 and '062 Patents. Tropos' responsive

---

[1] Tropos' Dec Action was filed in the United States District Court, Northern District of California, on October 21, 2005, but was subsequently transferred to this Court on or about July 13, 2006.

3

pleading includes counterclaims in which Tropos requests declaratory relief on both the '516 and '062 Patents. Thus, both the '516 and '062 Patents are at issue in IPCO's Second Action.

Significantly, both Tropos' Dec Action and IPCO's Second Action are still in the preliminary stages. Indeed, neither case has progressed beyond the initial pleadings stage, the Court has not issued pretrial scheduling orders, and the parties have not exchanged disclosures or issued any discovery. It is expected, however, that these matters will require considerable resources going forward, including construction and application of the claims of the '516 and '062 Patents.

**B.    All Claims of the '516 and '062 Patents Are Being Reexamined**

On or about April 12, 2006, third-party DLA Piper Rudnick Gray Cary US LLP ("Piper Rudnick") requested *ex parte* reexamination of the '516 Patent. On June 21, 2006, the USPTO granted the request for *ex parte* reexamination of the '516 Patent. A copy of the USPTO's Transmittal Form and Order Granting Request for Ex Parte Reexamination of the '516 Patent ("'516 Office Action") is attached hereto as Exhibit "A."

The '516 Office Action cites three material prior art references, including (1) Eng, U.S. Patent No. 5,757,783 ("Eng"); (2) Arango, U.S. Patent No. 5,732,078 ("Arango") and (3) Kleinrock, et al., "Hierarchical Routing for Large Networks,

4

Computer Networks, v. 1, pp. 155-174 (1977) ("Kleinrock").  Kleinrock was not previously considered during the examination of the application that led to the '516 Patent.  Based on these references, the USPTO concluded that "[a] Substantial New Question of Patentability (SNQ) affecting claims of US Patent 6,249,516…is raised by the request for reexamination filed 4/12/06 by the 3rd Party."  '516 Office Action, p. 2.  Thus, all claims of the '516 Patent are currently being reexamined by the USPTO.  *Id.*, p. 4.

On July 24, 2006, Piper Rudnick requested *ex parte* reexamination of the '062 Patent.  On August 3, 2006, the USPTO granted the request for *ex parte* reexamination of the '062 Patent.  A copy of the USPTO's Transmittal Form and Order Granting Request for Ex Parte Reexamination of the '062 Patent ("'062 Office Action") is attached hereto as Exhibit "B."

The '062 Office Action cites four material prior art references: (1) Flanders, U.S. Patent No. 5,239,294 ("Flanders"); (2) Jubin, et al., "The DARPA Packet Radio Network Protocols," Proceedings of the IEEE, Vol. 75, No. 1, Jan. 1987, pp. 21-32 ("Jubin"); (3) Wey, et al., "Clone Terminator: An Authentication Service for Advanced Mobile Phone System," IEEE 1995, pp. 175-179 ("Wey"); and (4) the admitted prior art disclosed in the '062 Patent.  Flanders, Jubin and Wey were not previously considered during the examination of the application that led to the '062

Patent. Based on these references, the USPTO concluded that "[a] substantial new question of patentability affecting claims 1-16 of US Patent 6,044,062 to Brownrigg et al. is raised by the request for *ex parte* reexamination." '062 Office Action, p. 2. Thus, all claims of the '062 Patent are currently being reexamined by the USPTO. *Id.*, p. 6.

Despite the USPTO's decisions to institute reexamination proceedings regarding the '516 and '062 Patents, and despite the profound effect such proceedings will likely have on the issues before this Court, IPCO did not advise the Court, or Tropos, that all claims of the '516 and '062 Patents are currently in reexamination.

Prior to filing this Motion, counsel for Tropos contacted counsel for IPCO to inquire whether IPCO would agree to stay the litigations pending an outcome on the reexaminations of the '516 and '062 Patents. IPCO's counsel did not advise Tropos' counsel whether IPCO would or would not agree to the requested stay.

**III.   ARGUMENT**

    **A.   Patent Litigation Is Routinely Stayed During Reexamination**

        **1.   The Reexamination Procedure**

Reexamination is a special procedure provided by federal statute under which any person can request that the USPTO reevaluate the patentability of an

unexpired U.S. Patent.  35 U.S.C. § 302.  A request for reexamination must be based upon prior art references which raise, in the USPTO's determination, "a substantial new question of patentability."  *Id.*[2]  Where a substantial question of patentability is found, reexamination will be ordered by the USPTO and the patent owner will be given an opportunity to respond.  35 U.S.C. § 304.

Pursuant to 35 U.S.C. § 305, reexamination proceedings are conducted with special dispatch by the USPTO.  The USPTO will further expedite the reexamination proceedings where litigation has been stayed.  *Emhardt Indus., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 3 U.S.P.Q.2d 1889, 1892, n.4 (N.D. Ill. 1987).  Statistics from the USPTO demonstrate that there is over a 70% probability that at least some of the patent claims will be cancelled or changed during a reexamination initiated by a third party.  *See Ex Parte* Reexamination Filing Data, September 30, 2005, attached hereto as Exhibit "C"; *see also*, *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004) ("Generally speaking, the PTO invalidates 10% of the patents it reexamines and amends the claims in 64%.")

---

[2]   Reexamination is limited to certain types of prior art, including patents and printed publications, which can also be used by a court in infringement litigation to invalidate a patent.  M.P.E.P. § 2217; *Quad Envtl. Techs., Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 875, n. 7 (Fed. Cir. 1991).

## 2.     The Policy of Granting Stays During Reexam Is Liberal

The decision to stay a lawsuit while a reexamination is pending in the USPTO is an inherent discretionary power of the district courts. *Grayling Indus., Inc. v. GPAC, Inc.*, 19 U.S.P.Q.2d 1872, 1873 (N.D. Ga. 1991); *see also GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 62 (D.N.J. 1992) ("the courts have the inherent power to control and manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO re-examination.") (internal citations omitted).[3]  When Congress established the reexamination procedure, it specifically intended for courts to liberally exercise their discretion to stay litigation pending reexamination. *See* H.R. Rep. No. 1307 Pt. I, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Ad. News 6460, 6463; *see also*, *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

A review of the authority reflecting on the legislative history demonstrates that an express stay of litigation within the statute was deemed unnecessary due to

---

[3] The Court should further note that a district court's decision to stay an action pending the resolution of a reexamination proceeding is generally considered a non-final, and non-appealable order. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983) ("When a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved.").

the district court's inherent power to stay an action pending reexamination. One U.S. District Court expressly summarized this history as follows:

> Early drafts of the reexamination statute expressly provided for a stay of court proceedings during all reexamination proceedings. *See* S. Rep. 1679, 96th Cong., 1st Sess. § 310 (1979); H.R. Rep. 5075 96th Cong., 1st Sess. § 310 (1979); S. Rep. 2446, 96th Cong., 2d Sess. § 310 (1980). However, an express provision was ultimately deemed unnecessary because courts already had the power to stay civil actions "to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983). [footnote omitted] …. To no surprise, courts frequently note that, "[t]he legislative history surrounding the establishment of the reexamination proceeding ***evinces congressional approval of district courts liberally granting stays***." *Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D.Ark. 1991).

*Broadcast Innovation, LLC v. Charter Commc'ns, Inc.*, 2006 W.L. 1897165, *3 (D. Colo. July 11, 2006) (emphasis added); *see also ASCII Corp. v. STD Entm't USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994) ("It is clear from the cases cited by both parties that there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."); *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) ("The legislative history of the statute itself (35 U.S.C. § 301 *et seq.*) provides support for a stay.").

The Northern District of Georgia also recognizes that the legislative history of the reexamination statute was intended to provide a procedure that "would allow

courts to refer patent validity questions to the expertise of the Patent Office." *Grayling Indus., Inc.*, 19 U.S.P.Q.2d at 1873 (quoting *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir.), *modified on other grounds*, 771 F.2d 480 (1985) ("*See Senate Hearings* at 1, wherein Senator Bayh noted that reexamination would be 'an aid' to the trial court 'in making an informed decision on the patent's validity.'")); *see also ASCII Corp.*, 844 F. Supp. at 1380 ("Congress enacted the reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts," *quoting Digital Magnetic Sys., Inc. v. Ansley*, 213 U.S.P.Q. 290 (W.D. Okla. 1982)).

The Northern District of Georgia further recognizes several benefits in allowing a reexamination to be concluded before continuing with patent litigation. *United Merchants and Mfrs., Inc. v. Henderson*, 495 F. Supp. 444, 447 (N.D. Ga. 1980). These benefits include: consideration of all prior art presented to the court by the USPTO, with its particular expertise; the USPTO's alleviation of discovery problems associated with the prior art; a likely dismissal of the suit in cases resulting in effective invalidity of the patent; the outcome of reexamination may encourage settlement without further intervention of the court; the record of reexamination may be entered as evidence in trial, thereby reducing the burden of

litigation; issues, defenses, and evidence may be more easily limited in pre-trial conference following reexamination; and the cost will likely be reduced for both parties and the court. *Id.*

Thus, in determining whether a stay should be entered in view of a reexamination, courts have considered the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court.[4] *Tap Pharm. Prods.*, 70 U.S.P.Q.2d at 1320; *GPAC, Inc.*, 144 F.R.D. at 66; *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991). Other considerations include whether discovery has been completed and whether a trial date has been set. *Broadcast Innovation, LLC*, 2006 W.L. 1897165 at *4; *ASCII Corp.*, 844 F. Supp. at 1380. As discussed in detail below, all of these factors weigh heavily in favor of staying this litigation.

**B.   The Court Should Stay The Tropos/IPCO Litigations Pending An Outcome On The Reexaminations Of The '516 And '062 Patents**

Tropos' Dec Action (Case No.: 1:06 CV-1659-CC) and IPCO's Second Action (Case No: 1:06 CV-0585-CC) are both pending before this Court and both

---

[4] "Reducing the burden of litigation" is often merged with "simplifying issues" and "streamlining trial." *Broadcast Innovation*, 2006 W.L. 1897165 at *4, n. 6.

11

involve the '516 and '062 Patents. In accordance with the liberal policy favoring stays of litigation pending the resolution of reexamination proceedings, as well as the Northern District of Georgia's acknowledgment of the several benefits that may be derived by staying suits under such circumstances, this Court should grant Tropos' Motion and stay the litigations pending reexamination of the '516 and '062 Patents.

### 1. A Stay will Simplify The Issues, Streamline The Trial And Reduce The Burden Of Litigation

It is self-evident that a stay of the Tropos/IPCO litigations will have several beneficial effects, including simplifying the issues, streamlining trial and reducing the overall burden of litigation on the parties. At present, <u>all</u> of the claims of <u>both</u> patents being asserted by IPCO are being reexamined. As such, the same issues before the Court are now pending before the USPTO. Indeed, Tropos anticipates that it will assert at least the prior art before the USPTO, including Eng, Arango, Kleinrock, Flanders, Jubin, Wey, and the admitted prior art disclosed in the '516 and '062 Patents, against IPCO, creating redundancy between the litigations and the reexamination. The reexamination will undoubtedly illuminate this prior art, as well as its application to the claims of the '516 and '062 Patents, particularly given the USPTO's expertise in such endeavors.

Furthermore, there is a high probability that some or all of the claims of the '516 and '062 Patents will be cancelled or changed during a reexamination. *See* Exhibit "C." Thus, if a stay is granted, the reexamination may remove the need for claim construction, discovery and trial. At a minimum, the issues, evidence and defenses will be narrowed. By contrast, if a stay is not granted, claim construction and discovery may need to be repeated in the event that new patent claims issue. Clearly, the resources of the parties and judicial economy are best served by staying this litigation until the USPTO completes its reexamination of the '516 and '062 Patents.

In *Grayling Industries, Inc.*, the Northern District of Georgia analyzed the present dynamic as follows:

> The added expense arising from a stay of this proceeding is greatly outweighed by the increase in efficiency which any PTO determination would bring. On the one hand, if the patents are declared unpatentable, this action would be moot. On the other hand, even though Plaintiffs have not agreed to be bound by a PTO finding of a valid patent, such a finding would be admissible and carries a presumption of validity. Moreover, the arguments which Plaintiffs would make at trial will have been explicitly reviewed and rejected by the PTO, adding to the persuasiveness of the PTO determination.

*Grayling Indus., Inc.*, 19 U.S.P.Q.2d at 1874; *see also Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y. 2000) ("If the reexamination proceeding invalidates or narrows a claim or claims, the issues at

trial will be simplified. Similarly, if the reexamination proceeding reaffirms all the claims as issued, the Court will then have the benefit of the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims.").[5]

The rationale for a stay is evidenced *a fortiori* given the procedural posture of the litigation. As noted above, this litigation has hardly passed the initial pleadings stage, the parties have not instituted any discovery, and the matter has not yet been set for trial. Under these circumstances, a stay of the present action is more than appropriate. *GPAC, Inc.*, 144 F.R.D. at 64, 66 (granting stay where initial complaint was filed only 16 months prior, substantial discovery had yet to occur, and trial date had not been assigned); *Grayling Indus., Inc.*, 19 U.S.P.Q.2d at 1873-74 (where the Northern District of Georgia granted a stay despite the fact that the action had been pending for nearly two years and a pretrial order had already been submitted and signed).

---

[5] Indeed, there is a significant likelihood that the USPTO will either modify or invalidate the IPCO Patents.

## 2. A Stay Will Not Prejudice or Disadvantage IPCO

The proceedings presently before this Court are too short-lived to pose any unfair prejudice or tactical disadvantage to IPCO. For example, IPCO cannot reasonably assert that it has expended significant costs or resources in its pursuit of its claims. *GPAC, Inc.*, 144 F.R.D. at 64-65 ("GPAC has not demonstrated that substantial expense and time has been invested in this litigation which would militate against a further delay of disposition of this matter."). Moreover, IPCO can hardly assert that the litigation is too far advanced for a stay given that no discovery has been taken, no claim construction has occurred and Tropos was deprived of the ability to seek relief earlier by IPCO's decision not to disclose the existence of the reexaminations.

Finally, given the likelihood that the claims will be cancelled or modified, the burden of litigation may be entirely lifted from IPCO. In the event that the claims are cancelled, IPCO is not forced to litigate these suits at all. In the unlikely event that IPCO is not forced to amend or cancel the claims of the '516 and '062 Patents, IPCO can still pursue relief from this Court following the resolution of the reexamination proceedings. *Broadcast Innovation,* 2006 W.L. at 1897165 at *10 ("If the PTO does not invalidate or otherwise alter the claims of the '094 patent, the Plaintiffs' legal remedy remains unaffected, and they will have

over a decade to exploit the '094 patent."). Indeed, IPCO will be able to do so with greater clarity and efficiency in light of the USPTO proceedings.

## IV. CONCLUSION

For all of the foregoing reasons, Tropos respectfully submits that this Court should stay this litigation until the USPTO completes its reexamination of the '516 and '062 Patents, including exhaustion of any appeals involved. A proposed order is attached hereto as Exhibit "D."

Respectfully submitted this 6th day of October, 2006.

                                  **/s/ Damon J. Whitaker**
                                  Ryan T. Pumpian
                                  Georgia Bar No. 589822
                                  Damon J. Whitaker
                                  Georgia Bar No. 75222

**POWELL GOLDSTEIN LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
Tel:   (404) 572-6600
Fax:  (404) 572-6999

   – AND –

James A. Gale (*pro hac vice pending*)
Lawrence S. Gordon (*pro hac vice*)
Gregory L. Hillyer (*pro hac vice*)
Sheila Harrison (*pro hac vice*)

**FELDMAN GALE, P.A.**
Miami Center, 19th Floor
201 South Biscayne Blvd.
Miami, FL  33131-4332

Attorneys for Tropos Networks, Inc.

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared in Times New Roman 14-Point font, one of the font and point selections approved by this Court in Local Rule 5.1B.

This 6th day of October, 2006.

                                          **/s/ Damon J. Whitaker**
                                          Georgia Bar No. 752722

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 6, 2006, a true and correct copy of the foregoing **TROPOS NETWORK, INC.'S MOTION TO STAY LITIGATION PENDING REEXAMINATION OF THE '516 AND '062 PATENTS BY THE UNITED STATES PATENT AND TRADEMARK OFFICE WITH INCORPORATED MEMORANDUM OF LAW** was electronically filed with the Clerk of Court using the EM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>**DUANE MORRIS LLP**
>John C. Herman (jcherman@duanemorris.com)
>Antony L. Sanacory (alsanacory@duanemorris.com)

>**/s/ Damon J. Whitaker**
>Ryan T. Pumpian
>Georgia Bar No. 589822
>Damon J. Whitaker
>Georgia Bar No. 75222

>**POWELL GOLDSTEIN LLP**
>One Atlantic Center, Fourteenth Floor
>1201 West Peachtree Street, N.W.
>Atlanta, Georgia 30309-3488
>Tel:  (404) 572-6600
>Fax:  (404) 572-6999

>Attorneys for Tropos Networks, Inc.

::ODMA\PCDOCS\ATL\1077593\1