IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IP CO, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>TROPOS NETWORKS, INC.,<br><br>  Defendant. | CIVIL ACTION FILE<br><br>NO.: 1:06 CV-0585-CC |
| TROPOS NETWORKS, INC.,<br><br>  Plaintiff,<br><br>vs.<br><br>IP CO, LLC.,<br><br>  Defendant. | CIVIL ACTION FILE<br><br>NO.: 1:06 CV-1659-CC |

**TROPOS NETWORKS, INC.'S MOTION FOR VOLUNTARY
DISMISSAL WITHOUT PREJUDICE OF ITS STATE LAW CLAIMS
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

NOW COMES Tropos Networks, Inc. ("Tropos") and, pursuant to Federal Rule of Civil Procedure 41(a)(2), hereby moves this Court for an order dismissing

1

without prejudice its state law claims against IP CO LLC ("IPCO"). Tropos further requests that the dismissals be treated as one dismissal for purposes of Rule 41(a)(1)'s two dismissal rule.

## I. BACKGROUND

There are currently two pending lawsuits in this Court involving Tropos and IPCO. The instant motion is designed to effectuate the dismissal of Tropos' state law claims in both cases, although Tropos could dismiss the state law claims from one of the cases as a matter of right. Tropos chose to seek an order from the Court to address both cases for purposes of clarity, efficiency and to assure that Tropos is not unjustly foreclosed from reasserting these claims in the future.

### A. Tropos' Complaint Against IPCO

As the Court is aware, *Tropos Networks, Inc. v. IPCO, LLC*, Case No.: 1:06-CV-1659-CC, is a declaratory judgment action relating to U.S. Patent Nos. 6,249,516 ("'516 Patent") and 6,044,062 ("'062 Patent") ("Tropos' Dec Action"). Tropos' Dec Action was originally filed in the United States District Court, Northern District of California, but was subsequently transferred to this Court. In addition to the patent related claims, Tropos' Dec Action includes three claims against IPCO under California state law, specifically, tortious interference with contractual relations (Count Four), tortious interference with prospective economic

advantage (Count Five), and unfair competition under California's unfair business practices act (Count Six). These state law claims arise out of IPCO's threats to Tropos' business partners. IPCO answered the Complaint in Tropos' Dec Action and asserted counterclaims for patent infringement identical to the claims in IPCO's Second Action. (Tropos' Dec Action, Doc. No. 68).

### B. IPCO's Second-Filed Complaint Against Tropos

IPCO filed the second case, *IPCO, LLC v. Tropos Networks, Inc.*, Case No: 1:06 CV-0585-CC, in this Court approximately six (6) months after the filing of Tropos' Dec Action ("IPCO's Second Action"), alleging claims for infringement of the '516 Patent. Following the transfer of Tropos' Dec Action to this Court, IPCO filed a First Amended Complaint which added claims for infringement of the '062 Patent. Tropos answered the First Amended Complaint and asserted counter-claims against IPCO, including the same three claims under California law (Counts Four, Five and Six) and a claim for tortious interference with contract and/or business relationships under Georgia law (Count Seven). (IPCO's Second Action, Doc. No. 24).

### C. IPCO Has Moved To Dismiss Tropos' State Law Claims

IPCO has filed a number of motions relating to Tropos' Dec Action and claims. As an initial matter, IPCO moved to dismiss Tropos' Dec Action or

alternatively to consolidate Tropos' Dec Action with IPCO's Second Action. (Tropos' Dec Action, Doc. No. 73). IPCO later moved to dismiss the state law claims asserted in Tropos' Dec Action under Rule 12(b)(6) for failure to state claims for relief. (Tropos' Dec Action, Doc. No. 91).[1]

In IPCO's Second Action, IPCO also moved to consolidate the cases under the same motion filed in Tropos' Dec Action. (IPCO's Second Action, Doc. No. 25). IPCO did not answer Tropos' counterclaims, but instead moved to dismiss Tropos' state law counterclaims under Rule 12(b)(6). (IPCO's Second Action, Doc. No. 34). Thus, at present, ***IPCO's motions to dismiss all of Tropos' state law claims are pending in both cases***.

### D. All Tropos' State Law Claims Stem From The Same Conduct

Tropos' state law counterclaims in IPCO's Second Action are based on the identical unlawful conduct by IPCO as the state law claims in Tropos' Dec Action. Thus, the state law claims in Tropos' Dec Action are essentially the substantive "mirror images" of the claims set forth in IPCO's Second Action. Indeed, the state law claims in IPCO's Second Action exist only because of the redundant lawsuit IPCO filed in the Northern District of Georgia.

---

[1] As detailed in Tropos' Motion to Strike IPCO's motion to dismiss, IPCO's second Rule 12 motion to dismiss is untimely and an inappropriate attempt to circumvent Rules 12(b) and 12(g). (*See* Tropos' Dec Action, Doc. No. 98).

### E. The Dismissals Of Tropos' State Law Claims From Both Tropos/IPCO Cases Should Count As One Dismissal Under Rule 41(a)(1)

Procedurally, Tropos may voluntarily dismiss without prejudice its counterclaims in IPCO's Second Action as a matter of right under Rule 41(a)(1)(i) because IPCO has not answered Tropos' state law claims. A motion under Rule 41(a)(2), or alternatively, IPCO's consent under Rule 41(a)(1)(ii), is required in Tropos' Dec Action, however, because IPCO has already answered Tropos' state law claims in that case.

In either event, given the unique procedural posture—*i.e.*, having two cases with comparable state law claims before the Court—Tropos believes that the voluntary dismissals of its state law claims in both cases should be treated as one dismissal under the "two dismissal rule" set forth in Rule 41(a)(1). Tropos further believes that treating the dismissal of its state law claims as an adjudication on the merits would be inaccurate, unjust and contrary to law.

### F. IPCO Has Refused To Stipulate To The Dismissal Of Tropos' State Law Claims Notwithstanding IPCO's Motion To Dismiss Them

Since IPCO had already moved to dismiss the state law claims, on November 16, 2006, Tropos requested that IPCO consent to a stipulation under Rule 41(a)(1)(ii) that would enable Tropos to voluntarily dismiss without prejudice

5

all of its state law claims and counterclaims. More specifically, Tropos sought a stipulation that would treat the dismissals in both cases as one dismissal for purposes of Rule 41(a)(1). (*See* Nov. 30, 2006 email string, attached as Exhibit A). Aside from this nuance, Tropos' proposed stipulation effectuated the precise relief IPCO sought when it moved to dismiss Tropos' state law claims. Despite already moving to dismiss these state law claims without prejudice, IPCO inexplicably refused the stipulation, instead using Tropos' request as an opportunity to attempt to gain leverage on unrelated matters in the case. (*See id.*).

Therefore, in light of IPCO's contrary position, and in an abundance of caution, Tropos seeks an order under Rule 41(a)(2) allowing Tropos to (1) voluntarily dismiss without prejudice Counts 4 through 6 in Tropos' Dec Action; (2) voluntarily dismiss without prejudice Counts 4 through 7 in IPCO's Second Action; and (3) have the dismissals in both cases constitute one dismissal.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   The Court Should Allow The Voluntary Dismissals Without Prejudice

Rule 41(a)(2) allows a party, with court approval, to dismiss an action or claims voluntarily and without prejudice to future litigation. *See McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986). Rule 41(a)(2) provides in relevant part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2). The purpose of the Rule is to *freely* permit a party to voluntarily dismiss its claims as long as the other party is not prejudiced. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[2]

The Court has broad discretion to determine whether to allow a dismissal under Rule 41(a)(2) and must exercise its discretion "with due regard to the legitimate interests of both parties." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (granting voluntary dismissal without prejudice despite the fact that discovery had been completed and summary judgment motions had been filed); *San Marco v. City of St. Petersburg*, 185 F.R.D. 679, 680 (M.D. Fla. 1999) (granting dismissal without prejudice despite briefing of motions to dismiss and for summary judgment). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit.*" *Pontenberg*, 252 F.3d at 1255 (internal quotations and citations omitted) (emphasis in original). Such legal harm

---

[2] Decisions of the prior Fifth Circuit rendered on or before September 30, 1981 are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

also does not include the dismissing party's gain of a tactical advantage or the non-movant's missed opportunity for a legal ruling. *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D. Ga. 1980).

IPCO will not suffer any legal harm if the Court allows Tropos to voluntarily dismiss its state law claims without prejudice. To the contrary, IPCO itself sought to dismiss these claims *without prejudice* under Rule 12(b)(6).[3] Inexplicably, and in direct contrast to IPCO's position in its pending motions, IPCO now refuses to stipulate to the dismissal of these claims without prejudice.[4] It is difficult to imagine a clearer example of gamesmanship and IPCO's behavior certainly calls into question the legitimacy of the reasons it filed the motions to dismiss in the first place.

In any event, there are simply no legitimate reasons to deny the requested dismissals. Discovery has not commenced, the cases are nowhere near trial, and the dismissals do not affect any substantive legal right of IPCO. And, although Tropos will be permitted to assert its claims at a later date, this fact alone is

---

[3] Even if the Court were to grant IPCO's motions, governing law allows for Tropos to amend its claims, hence the dismissal would be without prejudice. *See e.g., Bryant v. Dupree*, 252 F.3d 1161, 1163-65 (11th Cir. 2001).

[4] It is worth noting that under *Spencer*, IPCO cannot assert the mere fact that it has pending motions as grounds for denying Tropos' request for voluntary dismissal.

8

insufficient to deny Tropos' motion under binding precedent. For these reasons, the Court should allow Tropos to voluntarily dismiss its state law claims.

B. The Dismissals Should Count as One Dismissal Under Rule 41(a)(1)

Voluntary dismissal under Rule 41(a)(1), whether by notice or stipulation, includes a two dismissal limitation under which a second dismissal serves as an adjudication on the merits. Fed. R. Civ. P. 41(a)(1). No such two dismissal limit applies under Rule 41(a)(2). Accordingly, voluntary dismissal by court order under Rule 41(a)(2) does not count as a dismissal for purposes of Rule 41(a)(1)'s two dismissal rule. *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268-69 (11th Cir. 1999); *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963).

Applying these tenets to the present situation, Tropos request that the Court grant its motion in both cases and enter an order consistent with binding precedent clarifying that the "two dismissals" count as one dismissal for purposes of Rule 41(a)(1). Moreover, the state law claims in the two cases are essentially the "mirror images" of each other, and the claims in IPCO's Second Action were only reasserted due to the redundant, second-filed action IPCO brought in the Northern District of Georgia. Given the manner in which the state law claims arose in IPCO's Second Action, there is *a fortiori* no justification to deviate from the well-

established rule that the dismissal in Tropos' Dec Action under Rule 41(a)(2) should not count as a dismissal under Rule 41(a)(1).

Finally, it is worth noting that Tropos could simply file a notice of dismissal without prejudice of its state law counterclaims in IPCO's Second Action under Rule 41(a)(1), while seeking the Court's permission to voluntarily dismiss its state law claims in Tropos' Dec Action under Rule 41(a)(2), and the result would be the same (*e.g.*, one dismissal under Rule 41(a)(1)). Similarly, if Tropos were to move for dismissal following consolidation, the voluntary dismissals would not count twice towards the two dismissal rule. However, Tropos raises the issue here, in both cases, for purposes of clarity and to avoid unnecessary arguments from IPCO concerning the effect of the dismissals in the event Tropos reasserts its state law claims in the future. Given that IPCO has already moved for the identical relief sought herein, there does not appear to be any barrier to granting the relief Tropos seeks.

### III. CONCLUSION

For the foregoing reasons, Tropos respectfully requests that the Court grant its motion and enter an order dismissing without prejudice Tropos' state law claims in both Tropos' Dec Action and IPCO's Second Action and treating the dismissals

as one dismissal for purposes of Rule 41(a)(1)'s two dismissal limit. A proposed order is attached hereto as Exhibit B.

Respectfully submitted this 4th day of December 2006.

/s/ Damon J. Whitaker
Ryan T. Pumpian
Georgia Bar No. 589822
Damon J. Whitaker
Georgia Bar No. 752722
**POWELL GOLDSTEIN LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
Tel: (404) 572-6600
Fax: (404) 572-6999

– AND –
James A. Gale (*pro hac vice*)
Lawrence S. Gordon (*pro hac vice*)
Gregory L. Hillyer (*pro hac vice*)
Sheila Harrison (*pro hac vice*)
**FELDMAN GALE, P.A.**
Miami Center, 19th Floor
201 South Biscayne Blvd.
Miami, FL 33131-4332

Attorneys for Tropos Networks, Inc.

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 7.1D, I hereby certify that this pleading has been prepared in Times New Roman 14-Point font, one of the font and point selections approved by this Court in Local Rule 5.1B.

/s/ Damon J. Whitaker
Georgia Bar No. 752722

11

# CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on December 4, 2006, a true and correct copy of the foregoing **TROPOS NETWORKS, INC.'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF ITS STATE LAW CLAIMS WITH INCORPORATED MEMORANDUM OF LAW** was electronically filed with the Clerk of Court using the EM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>    **DUANE MORRIS LLP**
>    John C. Herman (jcherman@duanemorris.com)
>    Antony L. Sanacory (alsanacory@duanemorris.com)

>    **/s/ Damon J. Whitaker**
>    Ryan T. Pumpian
>    Georgia Bar No. 589822
>    Damon J. Whitaker
>    Georgia Bar No. 752722
>
>    Attorneys for Tropos Networks, Inc.

::ODMA\PCDOCS\ATL\1101641\2