IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IP CO., LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>TROPOS NETWORKS, INC.,<br><br>   Defendant. | CIVIL ACTION NO.<br><br>1:06-CV-0585-CC |

**ORDER**

This matter is before the Court on Plaintiff IP Co., LLC's Motion to Transfer [Doc. No. 76] the above-styled action from this Court to the District Court for the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).[1] For the reasons stated below, the Court **DENIES** Plaintiff's motion.

**I. BACKGROUND**

Plaintiff IP Co., LLC ("IPCO") is a Georgia limited liability corporation headquartered in Atlanta, Georgia (Pl.'s Am. Compl. [Doc. No. 13] ¶ 1.) According to its Amended Complaint, IPCO is the assignee of all rights, title and interest in United States Patent No. 6,249,516 (the " '516 Patent") and United States Patent No. 6,044,062 (the " '062 Patent"), entitled "Wireless Network Gateway and Method for Providing Same." (Doc. No. 13 ¶¶ 7-8, 14-15.) Defendant Tropos Networks, Inc. ("Tropos") is a Delaware corporation with its principal place of business in Sunnyvale, California. (Def.'s Answer [Doc. No. 24] ¶ 1.) Tropos designs, develops and provides metro-scale Wi-Fi mesh network products and services. (Doc. No. 24 ¶ 12.) On October 21, 2005, Tropos sued IPCO in the Northern District of California (the "California Court") for a judgment declaring the '516 and '062 Patents invalid,

---

[1] The Court **GRANTS** the Consent Motion for Extension of Time [Doc. No. 81] nunc pro tunc.

unenforceable and/or not infringed, among other things. (Def.'s Compl. [Doc. No. 6-3] ¶¶ 41-50.) On March 13, 2006, IPCO sued Tropos in this Court for patent infringement. (Pl.'s Compl. [Doc. No. 1] ¶¶ 6-12.) IPCO alleged that Tropos infringed on and continues to infringe on the '516 and '062 Patents by making, using, offering to sell, and/or selling its wireless mesh network system. (Doc. No. 13 ¶¶ 10, 17.)

On May 8, 2006, Tropos filed a Motion to Dismiss, Stay, or Transfer [Doc. No. 6] the case from this Court to the California Court. IPCO opposed Tropos's motion by arguing that principles of judicial economy, the convenience of the parties, and the availability of witnesses and evidence weighed in favor of litigating the case in Georgia. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, Stay, or Transfer [Doc. No. 9] at 11-15.) On July 13, 2006, the California Court transferred Tropos's action to this Court. (Order, Nov. 8, 2006 [Doc. No. 48] at 1.)

On October 6, 2006, Tropos moved this Court to stay the litigation pending the United States Patent and Trademark Office's reexamination of the '516 and '062 Patents. (Def.'s Mot. to Stay Litig. [Doc. No. 43] at 1.) The Court granted the stay on August 16, 2007. (Order [Doc. No. 72] at 1.) On September 8, 2011, the Court ordered the stay lifted. (Order Grant. Opp'd Mot. to Lift Stay [Doc. No. 75] at 1.) Then on October 3, 2011, IPCO moved the Court to transfer the case to the Eastern District of Texas. (Doc. No. 76.) IPCO argues that this action should be transferred because the Eastern District of Texas is the more convenient forum. (Doc. No. 76.)

## II. STANDARD OF REVIEW

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a) (2012). A party requesting a transfer of venue bears the burden of proving that the proposed transferee venue is more convenient than the venue selected by a plaintiff. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). This

reflects the rule that "'[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.'" Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)).  While a court has broad discretion when determining whether to transfer a case to another district, "[a] court should not grant a transfer if the transfer would just shift inconvenience from one party to another." Am. Gen. Life Ins. Co. v. Margolis Family I, LLC, No. 1:07-CV-0230-JEC, 2008 WL 857436, at *14 (N.D. Ga. Mar. 28, 2008).

### III. ANALYSIS

#### A. Alternative Venue

Before assessing the convenience of the proposed transferee forum under a Section 1404(a) analysis, the Court must determine whether IPCO's action for patent infringement could have initially been brought in that forum. Dial HD, Inc. v. Clearone Commc'ns, Inc., No. CV 109-100, 2010 WL 3732115, at *5 (S.D. Ga. Sept. 7, 2010) ("The question of whether to transfer venue is a two-pronged inquiry.  First, the alternative venue must be one in which the action could originally have been brought by the plaintiff."); see also Hoffman v. Blaski, 363 U.S. 335, 342-43, 80 S. Ct. 1084, 1088-89, 4 L. Ed. 2d 1254 (1960).  "An action 'might have been brought' in a proposed transferee court if that court has jurisdiction over the subject matter of the action, if venue is proper there, and if the defendant is amenable to process issuing out of the transferee court." Miot v. Kechijian, 830 F. Supp. 1460, 1465 (S.D. Fla. 1993) (quoting Windmere Corp. v. Remington Prods., 617 F. Supp. 8, 10 (S.D. Fla. 1985)).  Proving "[v]enue in the transferee forum is essential to a transfer under [§] 1404(a) for that section confers none." United States v. Casey, 420 F. Supp. 273, 275 (S.D. Ga. 1976).

In a patent infringement case, venue is governed by 28 U.S.C. § 1400(b). Hoffman, 363 U.S. at 342 n.10.  The language in that section "is specific and unambiguous and the requirement of venue under th[e] statute 'is not one of those

- 3 -

vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction.'" Kalvar Corp. v. Memorex Corp., 386 F. Supp. 273, 278 (E.D. La. 1974) (quoting Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 264, 81 S. Ct. 557, 560, 5 L. Ed. 2d 546 (1961)).  According to that section, a civil action for patent infringement may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b) (2012).  Therefore, IPCO must show that at the time of its Complaint, Tropos resided, or committed acts of infringement and had a regular and established place of business in the Eastern District of Texas.  IPCO has made no such showing.

First, IPCO fails to show that Tropos resided in Texas.  "[T]he residence of a corporation for purposes of [28 U.S.C. §] 1400(b) is its place of incorporation." Brunette Mach. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 707 n.2, 92 S. Ct. 1936, 1937, 32 L. Ed. 2d 428 (1972).  In its Complaint, IPCO alleged that Tropos is only a Delaware corporation.  (Doc. No. 1 ¶ 1.)  IPCO also contends that "Tropos ha[d] a national and international presence."  (Doc. No. 76 at 9.)  Those facts are insufficient to prove residence in Texas.

Second, IPCO fails to show that Tropos had a regular and established place of business in Texas.  Instead, IPCO argues that Tropos has "customers all over the United States, and . . . solicits Texan customers through its website and holds conferences in Texas."  (Doc. No. 76 at 9-10.)  That argument is insufficient.  "Mere solicitation of orders in a district is not sufficient by itself to establish that a defendant had a regular and established place of business in the district for purposes of establishing venue."  Roblor Mktg. Grp., Inc. v. GPS Indus., Inc., 645 F. Supp. 2d 1130, 1145 (S.D. Fla. 2009).  Indeed, "the 'regular and established place of business' requirement contemplates something more than minimum contacts or simply doing business in a particular district."  HomeBingo Network, Inc. v. Chayevsky, 428 F. Supp. 2d 1232, 1249 (S.D. Ala. 2006) (quoting Kinetic Instruments v. Lares, 802 F.

Supp. 976, 987 (S.D.N.Y. 1992)). Thus, "'the appropriate inquiry is whether the corporate defendant does its business in that district through permanent and continuous presence there.'" HomeBingo Network, 428 F. Supp. 2d at 1249 (quoting In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985)). Soliciting Texan customers through a website, without more, is insufficient to show a regular and established place of business in Texas.

Because IPCO fails to establish venue, the Court need not address the issue of personal or subject matter jurisdiction. Therefore, IPCO has not shown that its patent infringement action could have been brought in the Eastern District of Texas.

**B. Public and Private Factors**

Even if IPCO were correct in arguing that "[t]he threshold burden is met [and its] case could have been filed in the transferee district," (Doc. No. 76 at 8), the Court is not persuaded that the Eastern District of Texas is a more convenient forum. The second prong in a Section 1404(a) analysis requires a court to balance private and public factors. Dial HD, 2010 WL 3732115, at *5. In the Eleventh Circuit, courts consider: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005).

"'The most important factor under [Section] 1404(a) is the convenience of witnesses, and the moving party must make a specific showing of inconvenience to witnesses.'" Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012) (quoting Elec. Transaction Network v. Katz, 734 F. Supp. 492, 501-02 (N.D. Ga. 1989)). IPCO fails to show the Court that the witnesses will be inconvenienced. IPCO notes that the location and identity of the relevant

- 5 -

party witnesses for Tropos have not been disclosed.  (Doc. No. 76 at 14.)  Thus, without knowing where Tropos's witnesses are located, IPCO cannot demonstrate the witnesses will be inconvenienced.  Conversely, many of IPCO's witnesses are in Georgia because IPCO has offices here and its officers reside here.  (Doc. No. 76 at 15.)  That factor weighs against transfer from this Court to the Eastern District of Texas.

Factor two is neutral.  "The location of documents, is neutral [i]n today's era of photocopying, fax machines and Federal Express."  Walker v. Jon Renau Collection, Inc., 423 F. Supp. 2d 115, 118 n.3 (S.D.N.Y. 2005) (citations and internal quotation marks omitted).  Indeed, IPCO concedes as much by noting that "'producing documents and other files for litigation . . . is not usually a burdensome ordeal due to technological advancements, such as electronic document-imaging and retrieval.'"  (Doc. No. 76 at 16.) (quoting Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, No. 10-20715-CIV, 2010 WL 3056600, at *5 (S.D. Fla. Aug. 4, 2010)).  Factors four through seven are also neutral.  IPCO agrees that the locus of operative facts is neither Georgia nor Texas, that there is no indication that service of process will be difficult, that the relative means of the parties are on balance, and that each forum is equally capable of applying patent law.  (Doc. No. 76 at 18-20.)  IPCO also concedes that it "originally filed in the Northern District of Georgia" and that a [p]laintiff's choice of forum 'should not be disturbed unless it is clearly outweighed by other considerations.'"  (Doc. No. 76 at 19); id. (quoting Ins. Co. of N. Am. v. Levin, No. 10-CV-60130, 2011 WL 1398473, at *2 (S.D. Fla. Mar. 28, 2011)).  Therefore, factor eight weighs against transfer.  Finally, trial efficiency and the interests of justice, based on the totality of the circumstances, would be served by maintaining venue in Georgia, IPCO's original choice of forum.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion to Transfer [Doc. No. 76].

SO ORDERED this 5th day of October, 2012.


*s/   CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

- 7 -