IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IP Co., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action File |
| | ) |
| TROPOS NETWORKS, INC., | ) No. 1:06-CV-00585-CC |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, Plaintiff IP Co., LLC ("IPCO") and Defendant Tropos Networks, Inc. ("Tropos") hereby file this Joint Preliminary Report and Discovery Plan ("JPRDP").

**1.     Description of the Case:**

**(a) Describe briefly the nature of this action.**

IPCO brings this case for patent infringement pursuant to the Acts of Congress relating to patents, 35 U.S.C. §§ 101 et seq., seeking injunctive relief and monetary damages based on Tropos' alleged infringement of the U.S. Patent No. 6,044,062 (the "'062 Patent") and U.S. Patent No. 6,249,516 (the "'516 Patent").

Defendant Tropos denies IPCO's claims and allegations, and seeks

declaratory relief regarding IPCO's patent pursuant to 28 U.S.C. §§ 2201-02. Tropos raises counterclaims for: non-infringement; invalidity; and unenforceability of the Patents-in-Suit.

**(b) Summarize the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Claims:

Plaintiff IP CO, LLC ("IPCO") is allegedly a wireless mesh technology company and the owner of a number of U.S. Patents, including the two patents at issue in this suit. IPCO initiated this lawsuit in 2006, in which it contended that Defendant Tropos infringes the Patents-in-Suit literally and/or under the doctrine equivalents. This case was stayed for a period of approximately four (4) years (from 2007 through 2011) pending the resolution of the reexamination proceedings of the Patents-in-Suit. In the reexamination of the '516 Patent, the U.S. Patent and Trademark Office ("USPTO") confirmed the patentability of seventeen (17) of nineteen (19) claims as originally drafted; and amended and confirmed the patentability of the remaining two (2) claims. With respect to the '062 Patent, the USPTO confirmed the patentability of twelve (12) of sixteen (16) claims as originally drafted, and cancelled four (4) claims.

As a result of Tropos' alleged infringement, Plaintiff claims to be entitled to damages adequate to compensate for Tropos' alleged infringement, but in no event less than a reasonable royalty. Plaintiff also seeks treble damages, attorneys' fees,

and pre- and post-judgment interest.  Plaintiff asserts that it will suffer great and irreparable harm unless Defendant is permanently enjoined from infringing the Patents-in-Suit.  Plaintiff denies that Tropos' counterclaims have any merit.

<u>Tropos' Answers, Counterclaims, and Defenses:</u>

Tropos denies infringement, either literally or under the doctrine of equivalents, either directly, contributorily, or by inducement of any valid and enforceable claim of the '516 and '062 Patents.  Further, Tropos has filed counterclaims seeking declaratory judgment of non-infringement, invalidity, and unenforceability.  Tropos denies that Plaintiff will suffer any harm unless Tropos is enjoined, and denies that Plaintiff is entitled to any monetary relief.

**(c) The legal issues to be tried are as follows:**

The legal matters at issue in this case include: infringement, validity, enforceability, damages, whether IPCO is entitled to a permanent injunction against Tropos, whether IPCO is entitled to increased damages under 35 U.S.C. § 284 and/or reasonable attorneys' fees and costs, and whether Tropos is entitled to reasonable attorneys' fees and costs under 35 U.S.C. § 285.

**(d) The cases listed below are:**

**(1) Pending related cases:**

The following is a list of pending cases involving one or more of the Patents-in-Suit:

- *IP CO., LLC d/b/a Intus IQ v. Ingersoll-Rand Company et al.,* No. 6:11-cv-00439-LED (E.D. Tex.), Filed 8/25/2011.

**(2) Previously adjudicated related cases:**

The following is a list of previously adjudicated cases involving one or more of the Patents-in-Suit:

- *IP Co., LLC d/b/a Intus IQ v. Oncor Electric Delivery Co. LLC, et al.*, No. 2:09-cv-00037-DF (E.D. Tex.); Filed 1/29/2009; Closed 10/19/2010.

- *IP Co., LLC d/b/a Intus IQ v. Crestron Electronics, Inc.*, No. 6:112-cv-00821-LED (E.D. Tex.); Filed 10/29/2012; Closed 1/2/2013.

- *IP Co., LLC and SIPCO, LLC v. CellNet Technology., et al.,* Case No. 1:06-cv-03048-JEC (N.D.Ga. – Atlanta), Filed 12/15/2006; Closed 11/06/2009.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

   **\_\_\_\_\_ (1) Unusually large number of parties**
   **\_\_\_\_\_ (2) Unusually large number of claims or defenses**
   **\_\_\_x\_ (3) Factual issues are exceptionally complex**
   **\_\_\_x\_ (4) Greater than normal volume of evidence**
   **\_\_\_\_\_ (5) Extended discovery period is needed**
   **\_\_\_\_\_ (6) Problems locating or preserving evidence**
   **\_\_\_\_\_ (7) Pending parallel investigations or action by government**
   **\_\_\_x\_ (8) Multiple use of experts**
   **\_\_\_\_\_ (9) Need for discovery outside United States boundaries**
   **\_\_\_x\_ (10) Existence of highly technical issues and proof**

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

    **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    Plaintiff IP CO, LLC:        John Herman
                                 Robbins Geller Rudman & Dowd LLP
                                 3424 Peachtree Street NE, Suite 1650
                                 Atlanta, GA 30326
                                 (404) 504-6500

    Defendant Tropos
        Networks, Inc:           Robert Steinberg (*pro hac vice*)

                                 LATHAM & WATKINS LLP
                                 355 South Grand Avenue
                                 Los Angeles, CA 90071
                                 (213) 891-8989

                                 Bryan G. Harrison
                                 Morris, Manning & Martin, LLP
                                 1600 Atlanta Financial Center
                                 3343 Peachtree Road, N.E.
                                 Atlanta, Georgia 30326
                                 Phone:  (404) 233-7000
                                 Fax:  (404) 365-9532

4. **Jurisdiction**

    **Is there any question regarding this Court's jurisdiction?
    \_\_\_\_Yes \_X\_No**


5. **Parties to this Action:**

    **(a) The following persons are necessary parties who have not been joined:**

The parties are unaware of any necessary parties at this time.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

IPCO has filed an Amended Complaint. IPCO is in the process of investigating developments since the initiation of the stay in this case, which may involve the inclusion of additional parties. IPCO intends to add those additional parties (if any) by April 3, 2013, the date set forth in the parties' Proposed Schedule. IPCO further intends to file a motion to strike Tropos' allegations of unenforceabilty due to inequitable conduct in light of the Federal Circuit's recent *en banc* decision in *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1287 (Fed. Cir. 2011).

Tropos is in the process of investigating additional defenses and may seek to amend its pleadings to include these defenses. IPCO objects to the addition of additional defenses by Tropos, at least on the grounds that there is no basis for the delay in asserting those defenses. Tropos is also in the process of investigating a possible motion to dismiss IPCO's indirect and/or willful infringement claims in light of the Federal Circuit's recent decision in *In re Bill of Lading Transmission and Processing Sys.,* 681 F.3d 1323 (Fed. Cir. 2012) and other recent precedent.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing times for motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**
**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**
   **(a)** *Motions to Compel***: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**
   **(b)** *Summary Judgment Motions:* **within twenty-one days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**
   **(c)** *Other Limited Motions***: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**
   **(d)** *Motions Objecting to Expert Testimony:* **Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

The parties believe that summary judgment motions should be taken up after the close of expert discovery as reflected in the jointly agreed-upon Proposed Schedule submitted to the Court at Docket No. 98.

**8.     Initial disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties intend to exchanged initial disclosures in accordance with Fed.R.Civ.P. 26 by January 25, 2013.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The Court held a scheduling conference in this case on January 9, 2013.  The parties do not request an additional Scheduling Conference with the Court at this time.

During the January 9, 2013 scheduling conference, the Court asked the parties to meet and confer on whether a Special Master should be appointed to this case.  On January 11 and 14, 2013, the parties met and conferred on the issue, and are continuing to work together to reach an agreement on the issue.

**10.   Discovery period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(1) The nature and operation of Tropos' allegedly infringing systems, their manufacture, sale, licensing, and use;

(2) Tropos' alleged willful infringement of the '062 and '516 Patents;

(3) The nature and extent of any damages suffered by IPCO;

(4) The nature and extent to which IPCO is entitled to any injunctive relief and the scope of such injunctive relief;

(5) Tropos' knowledge of the '062 and '516 Patents;

(6) Prior art to the '062 and '516 Patents;

(7) IPCO's alleged inequitable conduct during the prosecution of the '062 and '516 Patents. IPCO objects to any such discovery until there is a ruling on IPCO's motion to strike Tropos' inequitable conduct allegations;

(8) The conception and reduction to practice of the '062 and '516 Patents; and

(9) Settlements and licenses involving the '062 and '516 Patents.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

In the Court's scheduling order (Dkt. No. 108), fact discovery is set to close pursuant to Patent Local Rule 6.7 (45 days after the Court issues a claim construction ruling).

Tropos has filed a motion to bifurcate the liability and damages phases of this action for discovery and trial. IPCO opposes this motion. Should the Court grant Tropos' motion to bifurcate, and to the extent the Court does not set forth new discovery deadlines, the parties will submit a joint proposed schedule containing additional dates for the damages phase of this action. On January 11 and 14, 2013, the parties met and conferred on the motion to bifurcate, but were unable to come to a resolution.

**11.  Discovery limitations and discovery of electronically stored information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties intend to negotiate and agree upon discovery limitations as well as the format for production of electronically stored information. Those limitations and guidelines will be set forth in detail in the parties' agreed-upon proposed

Discovery Order, which the parties intend to submit to the Court by January 25, 2013.

**(b) Is any party seeking discovery of electronically stored information?**

\_\_\_X\_\_\_\_ Yes _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The Discovery Order that the parties intend to propose will encompass guidelines for the production of electronically stored information ("ESI").

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The Discovery Order that the parties intend to propose will encompass guidelines for the production of electronically stored information ("ESI").

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties intend to negotiate and agree upon a proposed Protective Order. The parties intend to submit that proposed Order to the Court by January 25, 2013.

**13.   Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on _____ , 20\_\_\_, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

The parties likely participated in a Rule 26(f) conference when this case was initiated in 2006.  Following the lifting of the stay of this litigation, the parties participated in an additional Rule 26(f) conference via telephone conference on January 14, 2013.  The parties have not yet participated in a settlement conference, although they intend to do so by the dates prescribed in the Court's Scheduling Order.

**For plaintiff: Lead counsel (signature):**   */s/ John Herman*

   **Other participants:**              Ryan Walsh, Jessica Kattula

**For defendant: Lead counsel (signature):** */s/ Bob Steinberg*

   **Other participants:**     Lisa Nguyen

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**
   (\_\_\_X\_\_\_) **A possibility of settlement before discovery.**
   (_____) **A possibility of settlement after discovery.**
   (_____) **A possibility of settlement, but a conference with the judge is needed.**

**(_____) No possibility of settlement.**

**(c) Counsel(__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.**

The parties intend to participate in good-faith settlement conferences by the date(s) set forth in the Court's Scheduling Order.  Dkt. No. 108.  The Court's Scheduling Order requires good-faith settlement conference(s) to take place between the Disclosure of Invalidity Contentions and Response to Infringement and Exchange of Proposed Terms for Construction; and between the deadline for the deposition of experts and the deadline for summary judgment motions.  *Id.*

**(d) The following specific problems have created a hindrance to settlement of this case.**

**14.    Trial by magistrate judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.**

**(b) The parties (___X__) do not consent to having this case tried before a magistrate judge of this Court.**

# SCHEDULING ORDER

The Court entered a Scheduling Order on January 9, 2013 at Docket No. 108.

Respectfully submitted, this 14th day of January, 2013.

| ROBBINS GELLER RUDMAN & DOWD LLP | LATHAM & WATKINS LLP |
|---|---|
| By: */s/ Jessica M. Kattula*<br>     Jessica M. Kattula | By: */s/ Bob Steinberg*<br>     Bob Steinberg |
| John C. Herman<br>Georgia Bar No. 348370<br>Attorney-in-charge<br>Ryan K. Walsh<br>Georgia Bar No. 735190<br>Jessica M. Kattula<br>Georgia Bar No. 414056<br>ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>3424 Peachtree Road, NE<br>Suite 1650<br>Atlanta, GA 30326<br>Telephone: (404) 504-6500<br>Facsimile:  (404) 504-6501<br>jherman@rgrdlaw.com<br>rwalsh@rgrdlaw.com<br>jkattula@rgrdlaw.com<br><br>Attorneys for Plaintiff<br>IPCO, LLC | Bob Steinberg<br>LATHAM & WATKINS LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071<br>Tel: (213) 891-8989<br>bob.steinberg@lw.com<br><br>Lisa K. Nguyen<br>LATHAM & WATKINS LLP<br>140 Scott Drive<br>Menlo Park, CA 94025<br>Telephone:  (650) 470-4848<br>lisa.nguyen@lw.com<br><br>Bryan G. Harrison<br>Morris, Manning & Martin, LLP<br>1600 Atlanta Financial Center<br>3343 Peachtree Road, N.E.<br>Atlanta, Georgia 30326<br>Phone:  (404) 233-7000<br>Fax:  (404) 365-9532<br><br>Attorneys for Defendant<br>Tropos Networks, Inc. |

- 15 -

## CERTIFICATE OF SERVICE

On this date a copy of the foregoing is being filed electronically and thus served upon all counsel of record pursuant to Local Rule 5.1.

Dated: January 14, 2013.

*/s/ Jessica M. Kattula*
Jessica M. Kattula
