IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IPCO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TROPOS NETWORKS, INC., | ) | Civil Action File |
| | ) | |
| Defendant. | ) | No. 1:06-CV-00585-CC |
| | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties have, through counsel, stipulated to the entry of a

Protective Order to prevent the unnecessary dissemination or disclosure of certain

documents, transcripts, records, and other things that constitute or contain

confidential or protected information within the meaning of Federal Rule of Civil

Procedure 26(c); and

WHEREAS, the parties have stipulated that good cause exists for the entry

of a Protective Order in accordance with Rule 26(c) to protect against improper

disclosure of confidential information produced or disclosed in this litigation;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE

APPROVAL AND ORDER OF THE COURT, as follows:

1.      **Definitions.**  As used in this Protective Order, these terms have the following meanings:

     a.      "Confidential" information means information designated in accordance with Paragraph 3;

     b.      "Highly Confidential – Outside Counsel Eyes Only" information means information that is the subset of Confidential information designated in accordance with Paragraph 4;

     c.      "Materials" include all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

     d.      "Agreement to be Bound By Protective Order" means an executed document in the form attached as Exhibit A.

     e.      "Requesting Party" or "Receiving Party" means the party that requests or receives the disclosure of Materials containing Confidential information.

     f.      "Producing Party" means the party that owns, or otherwise controls, or produces Materials containing Confidential information.  A Producing Party may be any of the named parties to this litigation, as well as non-parties who have been asked to produce Material containing Confidential information by one of the named parties.

2.      **Numbering**.  All documents and other materials (including copies) produced in discovery in this litigation shall be given unique production numbers (commonly referred to as "Bates" numbers) by the Producing Party except for documents that are merely being made available for inspection.  Each Producing Party shall use a unique production number prefix to identify the Producing Party.

3.      **"Confidential" Information or Items**.  A Producing Party may designate any Material "CONFIDENTIAL" for protection under this Protective Order where that Material constitutes or discloses "Confidential" information. "Confidential" information, as that term is used herein, comprises information that the Producing Party in good faith contends to constitute or contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known in the context or form as known by the Producing Party; (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the Producing Party would require such third parties to maintain the information in confidence; and (d) information (regardless of how generated, stored, or maintained) or tangible thing that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).  "Confidential" information includes, but is not limited to, confidential research, development, technical, commercial, or financial information, as well as other such information

that the Requesting Party and non-parties would not have access to but for this litigation.

4.     **"Highly Confidential - Outside Counsel Eyes Only" Information or Items.**  A Producing Party may designate any Material "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" for protection under this Protective Order where the Producing Party believes in good faith that the Material constitutes or discloses extremely sensitive "Confidential" information or items the unrestricted disclosure of which to a Requesting Party or a Receiving Party would create a substantial risk of serious injury, including, but not limited to, information relating to the Producing Party, the Producing Party's commercial products or planned commercial products, or technical, financial and research information that is highly sensitive.  As that term is used herein, "Highly Confidential - Outside Counsel Eyes Only" information and items include, but are not limited to: (a) highly sensitive information relating to the development of products, including computer code and internal product specifications; (b) highly sensitive current or future business or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, licenses, customer orders, or customer quotations; (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (e) computer code, including source code, object

- 4 -

code, executable code, software files, or other related files; and (f) any other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the Producing Party.

5.     **Use of Information.**  All Materials containing "Confidential" information or "Highly Confidential - Outside Counsel Eyes Only" information shall be used solely for the purpose of this litigation only, including any appeal thereof, unless otherwise agreed to, in writing, by the Producing Party, or directed by a court of competent jurisdiction.

6.     **Access to Confidential Information.**  Access to any "Confidential" information shall be limited to:

        a.     <u>This Court</u>, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

        b.     <u>Outside counsel of record</u> and their associates, legal assistants, investigators, and stenographic and clerical employees, so long as their duties and responsibilities require access to "Confidential" information;

        c.     <u>In-house representatives</u> for each Party, which shall number no more than three (3) for each Party at any one time, so long as their duties and

responsibilities require access to "Confidential" information and they have signed

the "Agreement to Be Bound by Protective Order" (Exhibit A);

        d.    Court reporters and videographers retained to transcribe and

videotape testimony in this litigation;

        e.    Outside experts and consultants retained by at least one party or

their counsel for purposes of this litigation, including their support, administrative

and clerical staff, to the extent necessary to assist the party in this litigation who

have signed "Agreement to Be Bound by Protective Order" (Exhibit A).  Unless

otherwise permitted herein, such outside experts and consultants under this section

who are permitted to access "Confidential" information shall not include any

employees of any of the parties or the named inventors of the patents-in-suit;

        f.    Jury consultants and other litigation vendors retained by at least

one party for purposes of this litigation (including, but not limited to, mock jurors

and outside photocopy, imaging, database, graphics, translation and design

services), including their support, administrative, and clerical staff, to the extent

necessary to assist the party in this litigation, and who have signed "Agreement to

Be Bound by Protective Order" (Exhibit A);

        g.    A witness of (1) any party who either:  (a) appears on the face

of the designated protected material as an author, addressee, or other person

indicated as a recipient of a document containing the information or (b) is a Rule

30(b)(6) designee of a party who employed the author, addressee, or indicated

recipient of a document containing the information; or (2) the Producing Party of

whom deposition or trial testimony is being taken, so long as the witness is any of

the following: (a) a present director, officer, employee or contractor of the

Producing Party; or (b) a Rule 30(b)(6) designee of the Producing Party; and

   h. <u>Any person</u> for whom prior authorization is obtained from the

Producing Party or the Court.

   7. **Access to "Highly Confidential - Outside Counsel Eyes Only"**

**Information and Items.** Access to "Highly Confidential - Outside Counsel Eyes

Only" information and items shall be limited strictly to the persons designated as

having access to "Confidential" information in Paragraphs 6.a., 6.b., 6.d., 6.e., 6.f.,

6.g., and 6.h.  Persons designated in Paragraph 6.c. ("In-house representatives") are

strictly prohibited from viewing any information designated "Highly Confidential -

Outside Counsel Eyes Only."

   8. **Production of Source Code.** Unless otherwise indicated, source

code shall be designated "Highly Confidential - Outside Counsel Eyes Only –

SOURCE CODE" and subject to the same restrictions for "Highly Confidential -

Outside Counsel Eyes Only" information identified in Paragraphs 3 through 6

above.  Source code is subject to the following additional restrictions:

a. <u>Disclosure of Source Code</u>.  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "Highly Confidential - Outside Counsel Eyes Only – SOURCE CODE" only to those categories of individuals listed in Paragraphs 6.a., 6.b., 6.d., 6.e., 6.f., 6.g., and 6.h. subject to the restrictions therein.  Persons designated in Paragraph 6.c. ("In-house representatives") are strictly prohibited from viewing any information designated " Highly Confidential - Outside Counsel Eyes Only - SOURCE CODE."

b. <u>Manner of Production</u>.  Each Producing Party shall produce properly discoverable source code in its possession, custody, or control in a searchable format on a stand-alone, non-networked computer with all ports disabled except for a printer port used to connect the computer to a printer.  The Receiving Party's Outside Counsel and its Experts shall be entitled to use software tools for viewing, searching, and analyzing source code.  The stand-alone, non-networked computer may only be located at the offices of the Producing Party's outside counsel, unless otherwise agreed to by the parties.

c. <u>Printed Copies</u>.  The Producing Party shall, subject to the terms of this Order, produce printed copies of requested source code with a unique Bates number and the label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".  Documents marked "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

may not be copied, except as provided herein below or as otherwise agreed upon

by the parties.  The Receiving Party may request that the Producing Party print

portions of the source code only when reasonably necessary to prepare for

depositions, to depose a witness, or to participate in hearings or other court

proceedings or to facilitate the Receiving Party's preparation of court filings,

expert reports, and related drafts and correspondences ("permitted purpose"), and

shall request to be printed only such portions as are relevant for such permitted

purpose, and only a number of copies that are reasonably necessary to prepare for

such permitted purpose, which shall include a minimum of two (2) copies.  Upon

requesting any such portions of source code to be printed, within five (5) business

days the Producing Party shall either (i) provide the requested number of copies of

all such pages to the Receiving Party or (ii) inform the Receiving Party in writing

that it objects that the requested portions or number of copies are excessive and/or

not designated for a permitted purpose.  The burden shall be on the Receiving

Party to demonstrate that such requested portions are no more than is reasonably

necessary for a permitted purpose and not merely printed by the Producing Party

for the purposes of review and analysis by the Receiving Party elsewhere.  All

persons viewing source code shall sign on each day they view source code a log

that will include the names of persons who enter the locked room to view the

source code and when they enter and depart.  The Receiving Party shall maintain the log, which may be requested by the Producing Party with five (5) days advanced notice.  The source code log(s) shall be maintained for the sole purpose of ensuring the confidentiality of the source code and is not discoverable or admissible for any purpose other than to confirm compliance with this Protective Order.

d. <u>Maintenance of Printed Copies</u>.  The Receiving Party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

e. <u>Depositions</u>.  For depositions, the Receiving Party shall only be allowed to bring three (3) copies of any printed source code it wishes to use at the deposition. Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of source code brought at the deposition shall be returned to the Producing Party following the deposition.

f.   <u>Electronic Copies and Court Filings</u>.  Except as provided in this paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code).  Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, the party will file any exhibit(s) containing a portion of source code under seal.  Any briefs or other documents including one or more lines of the source code or that otherwise reveal the operation of the source code shall also be filed under seal.  If a Producing Party agrees to produce an electronic copy of all or any portion of its source code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view source code under the provisions of this Protective Order.   Further, the parties are permitted to include electronic images

(e.g., a PDF or reprinted lines of source code) in their expert reports (which are not part of a Court filing), without express written permission from the Producing Party.  Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in the Protective Order.

g.   <u>Final Disposition of Source Code</u>.  Within ten (10) business days of the termination of this litigation (including any appeals) and unless the Court otherwise orders, all printed copies of source code materials shall be returned to the Producing Party.

9.   **Third Party Materials.**  Third parties producing Materials in the course of this litigation may also designate such Materials as "Confidential," or "Highly Confidential – Outside Counsel Eyes Only" subject to the same protections and constraints as the parties to the litigation.  A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation.  All Materials produced by such third parties shall be treated as "Highly Confidential - Outside Counsel Eyes Only" for a period of 10 days from the date of their production to any party in this litigation, regardless of the designation on those Materials by the third party, so that the parties have sufficient time to review the material to determine whether to assert that the Materials contain "Confidential" information of any party.

10. **Effect of Designation.** The designation of information as "Confidential," "Highly Confidential - Outside Counsel Eyes Only" or "Highly Confidential - Outside Counsel Eyes Only – SOURCE CODE" shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as "Confidential" "Highly Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only – SOURCE CODE" may not, however, be used against the Producing Party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

11. **Handling of Confidential Materials.** Any person in possession of Materials that have been designated as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such Materials to ensure that their confidential nature is maintained. No person receiving such Materials shall, directly or indirectly, transfer, disclose, or communicate in any way the Materials or the contents or information of the Materials to any person other than those specified in Paragraphs 6 and 7, and only as specified in this Protective Order.

12. **"Agreement to Be Bound by Protective Order."** Each person appropriately designated in accordance with Paragraphs 6.e. and 6.f. to receive

"Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A). Further, each person appropriately designated in accordance with Paragraph 6.c. to receive "Confidential" information, shall execute an "Agreement to Be Bound by Protective Order" (Exhibit A).  Counsel of record for any party receiving "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information shall provide a copy of the "Agreement to Be Bound by Protective Order" to the counsel of record for all parties at least seven (7) calendar days before it first discloses such information to any such person.  Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit the Producing Party to object to the disclosure.  For outside consultants and experts seeking to access the information under Paragraph 6.e., the notice shall also provide an up-to-date copy of the consultant's or expert's curriculum vitae including a list of all publications authored in the previous ten (10) years and a list of all other cases in which, during the previous four (4) years, the proposed independent expert testified as an expert at trial or by deposition.  If the Producing Party provides a sufficient objection in writing to such disclosure within seven (7) calendar days, no disclosure shall be made until the Producing Party withdraws its objection or the Court overrules the objection.   A sufficient objection by the Producing Party must include a detailed description of the good

faith reason(s) for the objection, and failure to provide such details results in waiver of the objection.  If the Producing Party does not object within seven (7) calendar days, the Producing Party is deemed to consent to the proposed disclosure.  The Producing Party will bear the burden of demonstrating that the proposed disclosure is not justified.  If the objection to a disclosure or delay associated with resolving the objection impedes a party from meeting any of the deadlines set by the Court related to the timing of discovery, and the party informs the objecting party of the fact, then the parties agree to work together in good faith to request adjustment of any such deadline.

13.     **Use of Confidential Information at Deposition.**  All depositions or portions of depositions taken in this litigation that contain trade secret or other confidential information may be designated as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" and thereby obtain the appropriate protections accorded other "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" information or items.  Confidentiality designations for depositions shall be made either on the record or by written notice to all other parties within thirty (30) days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Highly Confidential - Outside Counsel Eyes Only" information during the thirty (30) day period following receipt of the transcript.  The deposition of any witness (or any portion of such

deposition) that encompasses such information shall be taken only in the presence of persons who are qualified to have access to such information.

14.  **Inadvertent Failure to Properly Designate Documents.**  Any party that inadvertently fails to designate Materials as "Confidential" or "Highly Confidential - Outside Counsel Eyes Only" shall have at least 10 days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents.  Any party receiving such inadvertently unmarked Materials shall make reasonable efforts to retrieve Materials distributed to persons not entitled to receive Materials with the corrected designation.

15.  **Inadvertent Disclosure of Privileged Documents.**  The inadvertent production or disclosure of any document or thing otherwise protected by the attorney-client privilege or work-product immunity shall not operate as a waiver of any such privilege or immunity if, after learning of the inadvertent production or disclosure, the party who made the inadvertent production or disclosure sends to any Receiving Party a written request for the return or destruction of such documents or things.  Upon receiving such a request, the Receiving Party shall *immediately* take all necessary steps to return or destroy such documents or things, including all copies and electronic copies, and make a written certification to the Producing Party of such compliance.  If the Receiving Party disclosed the

inadvertently produced document or thing before being notified by the Producing Party, it must take reasonable steps to retrieve the inadvertently produced document or thing.

      a.    If the Receiving Party wishes to contest that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing.  Within five (5) days after receiving such notification, the Producing Party shall provide to the Requesting Party a list identifying all such returned or destroyed documents and things and stating the basis for the claim of privilege or immunity.  After receiving such a list, and after the parties have attempted to resolve the dispute through a meaningful meet-and-confer, the Receiving Party may file a motion to compel production of such documents and things, the protection of which is still disputed.  If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

      b.    With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of

attorney-client privilege or work-product immunity, the Receiving Party shall immediately destroy or redact the derivative documents and things in a manner such that the derivative information cannot in any way be retrieved or reproduced.

      c.     In no event, however, shall the return or destruction of demanded documents be delayed or refused because of a Receiving Party's objection to the demand or by the filing of a motion to compel.  Furthermore, until and unless such motion to compel is granted, the Receiving Party shall neither quote nor substantively reveal any privileged information contained within the documents or things at issue, either prior to or following their return, except to the extent such information is reflected in an appropriate privilege log.

16.    **Privileged Materials Generated After The Complaint Was Filed.** No party is obligated to identify on its privilege log any document generated on or after the date of filing of the original complaint in this litigation that is protected by the attorney-client privilege or work-product immunity,  For the avoidance of doubt, this provision applies to any documents produced under the parties' Stipulation Regarding the Electronic Production of Documents.

17.    **Filing Confidential or Highly Confidential - Outside Counsel Eyes Only Information with the Court.**  If a party files a document containing "Confidential," "Highly Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only – SOURCE CODE" information with

the Court, all such documents shall be filed electronically under seal as provided

for in the Local Rules of the Court and shall be marked with one or more of the

following notations:

**FILED UNDER SEAL**
**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**or**

**FILED UNDER SEAL**
**CONTAINS HIGHLY CONFIDENTIAL -**
**OUTSIDE COUNSEL EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**or**

**FILED UNDER SEAL**
**CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES**
**ONLY – SOURCE CODE INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

The filing party shall serve the sealed document, independently of the CM/ECF

system, upon all parties of record by electronic mail.

18.     **Challenges to Designation.**  Any party may request a change in the

designation of any Material designated "Confidential" or "Highly Confidential -

Outside Counsel Eyes Only."  Such a request must be in writing and must provide

the basis for the request.  Any such Material shall be treated as designated until the

change is completed.  If the requested change in designation is not agreed to, the

party seeking the change may move for appropriate relief.  The party asserting that the Material is "Confidential" shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

19.    **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.**  This Protective Order shall *not* impose any restrictions on (a) the use or disclosure by a party of information or material properly obtained by the party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation) or (b) a party from disclosing its own confidential information as it deems appropriate.  This Protective Order also shall not apply to information that (a) was properly known to the Requesting Party before it was disclosed in this litigation, (b) is or became part of the public knowledge through no breach of the provisions of this Protective Order, (c) is independently developed by the Requesting Party without access to the "Confidential" information, or (d) is disclosed to the Requesting Party by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Requesting Party.

20.    **Expert Reports and Communications with Experts.**  Testifying experts shall not be subject to discovery on any draft of their reports in this litigation and such draft reports, notes, or outlines for draft reports are also exempt

from production and discovery.  No discovery can be taken from any non-testifying expert in this litigation except to the extent that the non-testifying expert has provided information, opinions, or other materials to a testifying expert, who relies upon such information, opinions, or other materials in forming his or her final report, or any opinion in this litigation.  No conversations or communications between counsel and any testifying or non-testifying expert, including emails or correspondence, will be subject to discovery unless the conversations or communications are relied upon by a testifying expert in formulating his or her final report, or any opinion in this litigation.  Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

21.   **Return or Destruction Upon Termination of Litigation.**  The disposition of source code shall be made pursuant to the terms of Paragraph 8.g. Otherwise, upon the termination of this litigation, including any appeals, all documents and other materials designated by a Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," including all copies of such Materials, shall be returned to the Producing Party or destroyed.  Each party's outside counsel, however, may retain archival copies of all attorney work product, consultant work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers

filed with the Court (including exhibits), and discovery responses (but not

document productions) exchanged by the parties, to the extent those archival

copies do not another party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

- OUTSIDE COUNSEL EYES ONLY" information.  All parties shall certify

compliance with this Paragraph in writing within 90 days of the termination of the

litigation.

22.  **Modification of the Protective Order.**  Any party may apply to the

Court for a modification of this Protective Order, and nothing in this Protective

Order shall be construed to prevent a party from seeking such further provisions

enhancing or limiting confidentiality, as may be appropriate.

23.  **No waiver of claim or defense.**  No action taken in accordance with

this Protective Order shall be construed as a waiver of any claim or defense in the

litigation or of any position as to discoverability or admissibility of evidence.

24.  **Injunctive Relief.**  If any person violates or threatens to violate the

terms of this Protective Order, the parties agree that the aggrieved party may

immediately apply to obtain injunctive relief against any such person.  The parties

agree that, if the aggrieved party demonstrates a reasonable likelihood of success

on the merits, then in the absence of injunctive relief, the aggrieved party will be

irreparably harmed.  The parties and any other person subject to the terms of this

Protective Order agree that this Court shall retain jurisdiction over them for the

purpose of enforcing this Protective Order, notwithstanding any subsequent disposition of this litigation.

25.   **Subpoena or Court Order.**  If a Requesting Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated by a Producing Party in this action as "Confidential," "Highly Confidential - Outside Counsel Eyes Only," or "Highly Confidential - Outside Counsel Eyes Only – SOURCE CODE" then no more than 10 days after receiving the subpoena or order, the Requesting Party must (1) notify the Producing Party, in writing (by fax or email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the Materials covered by the subpoena or order are subject to this Protective Order; and (3) deliver a copy of this Protective Order to the party that caused the subpoena or order to issue.  The purpose of these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party an opportunity to seek protection for its "Confidential" information in the court from which the subpoena or order issued.  The Producing Party shall bear the burden and expense of seeking protection in that court.  Nothing in this provision should be construed as authorizing or encouraging a Requesting Party to disobey a lawful directive from another court.

26.   **Time.**  All time provisions of this order shall be calculated in accordance with Federal Rule of Civil Procedure 6.

27.   **Survival of Protective Order.**  The obligations imposed by this Protective Order shall survive the termination of this litigation.

SO ORDERED this <u>1st</u> day of <u>  April  </u>, 2013.

<u> s/ CLARENCE COOPER          </u>
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

_____declares that:

I reside at _____in the city of_____,  county  _____,

state of _____.

I am currently employed by _____located at and my current job title is

_____.

I have read and understand the terms of the Protective Order filed in Civil Action File No. No. 1:06-CV-00585-CC, pending in the United States District Court for the Northern District of Georgia.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the above.  I submit myself to the jurisdiction of the United States District Court for the Northern District of Georgia for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I am an outside expert or consultant designated in accordance with Paragraphs 6.e. or 6.f. to receive and/or review information designated as

"CONFIDENTIAL,""HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES

ONLY," or "Highly Confidential - Outside Counsel Eyes Only – SOURCE

CODE" or I am an in-house representative designated in accordance with

Paragraph 6.c. to receive information designated as "CONFIDENTIAL."  I shall

not divulge any Materials, or copies of Materials, or my memory of any materials I

reviewed in connection with this litigation, designated "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or

"HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY – SOURCE

CODE" obtained in accordance with the Protective Order, or the contents of such

Materials, to any person other than those specifically authorized by the Protective

Order.  I shall not copy or use such Materials except for the purposes of this

litigation and in accordance with the terms of the Protective Order.

    As soon as is practical, but no later than 30 days after final termination of

this litigation, I shall destroy or return any Materials in my possession designated

"CONFIDENTIAL,""HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES

ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY –

SOURCE CODE" to the attorney from whom I received such Materials.  I shall

also destroy or return to that attorney, at that time, all copies, excerpts, summaries,

notes, digests, abstracts, and indices relating to such Materials.

    If I review any information designated as "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL EYES ONLY" or "HIGHLY CONFIDENTIAL -

OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" then I shall not

participate in the prosecution of patent applications or development of products

relating to the products or technologies at issue in this action until two (2) years

after the final disposition of this litigation, including all appeals.  A person is

involved in the prosecution of patent applications if that person writes, prosecutes,

reviews, provides input, or has the responsibility for directly overseeing the

drafting of such patent applications.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on   _____  _____
                           Date                      Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IPCO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TROPOS NETWORKS, INC., | ) | Civil Action File |
| | ) | |
| Defendant. | ) | No. 1:06-CV-00585-CC |
| | ) | |

**STIPULATION REGARDING THE ELECTRONIC
PRODUCTION OF DOCUMENTS**

WHEREAS, the parties have, through counsel, stipulated to the following

requirements regarding the electronic production of documents, including

electronically stored information ("ESI"), in this case;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE

APPROVAL AND ORDER OF THE COURT, as follows:

**E-MAIL**

The Producing Party has the option to produce email or other forms of

electronic correspondence (collectively "email") either: (1) directly in response to

Requests for Production; and/or (2) by performing searches for specified

custodians, as outlined below in steps 1-5.   The option to produce email pursuant

to option (1) and/or (2) is entirely within the discretion of the Producing Party.  To

- 1 -

the extent a Producing Party elects option (1), that party need not adhere to the requirements for production of email set forth below in steps 1-5.

     1.     Email shall be produced in response to specific email production requests.

     2.     The parties shall exchange a specific listing of likely e-mail custodians and a specific identification of the five (5) most significant listed e-mail custodians in view of the pleaded claims and defenses, within fifteen (15) business days of exchanging initial disclosures.

     3.     Email production requests shall identify a custodian (if known), proposed search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

     4.     Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

     5.     Each requesting party shall limit its email production requests to a total of five search terms per custodian per party.  The requesting party shall propose search terms that are narrowly tailored (e.g., using conjunctive

combinations of terms or narrowing criteria such as "and" or "w/x") to particular issues.   The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.

## FORMAT

The parties agree to produce all documents and e-mails in this action (including hard copy documents) as single page .tif images with a separate .txt file containing the extracted or OCRed text, an .opt image cross reference file, and a delimited database load file.  The database load file should contain the following fields: "BegBates," "EndBates," "Pages," "BegAttach," "EndAttach," and "Date." Each document (and other material) produced in the litigation, *e.g.*, each single page .tif image, shall be given a unique Bates number.  Alternative forms of production, such as production in Native format (for example, in the case of an Excel spreadsheet), may be provided only upon written agreement of the parties.

## PRIVILEGES AND NON-WAIVERS

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.  The procedure for handling the inadvertent disclosure of privileged documents is found in the parties' Protective Order

(Section 15), which is hereby incorporated herein by reference.

The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

## COST-SHIFTING

Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

SO ORDERED this __1st__ of __April__, 2013.

s/CLARENCE COOPER
CLARENCE COOPER
SENIOR UNITED STATES DISTICT JUDGE