IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IPCO, LLC d/b/a INTUS IQ | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TROPOS NETWORKS, INC., | ) | Civil Action File |
| | ) | |
| Defendant. | ) | No. 1:06-CV-00585-CC |
| | ) | |

**PLAINTIFF IP CO, LLC D/B/A INTUS IQ'S NOTICE OF OPPOSITION REGARDING APPOINTMENT OF <u>SPECIAL MASTER</u>**

NOW COMES IPCO, LLC, d/b/a Intus IQ ("Intus IQ") and files this opposition to Tropos Networks, Inc.'s (Tropos') Notice of Confirmation of Election to Proceed Before Special Master (Dkt. No. 145), respectfully showing the Court as follows:

Your Honor has already considered this exact request in connection with *IPCO, LLC v. Elster Electricity LLC*, No. 1:05-cv-02658-CC (N.D. Ga., filed April 29, 2005). Similarly, appointment of a special master in this case is unwarranted for at least the following reasons: (1) it would complicate administration of issues in this case; (2) it would create an unnecessary economic burden on the parties, particularly Intus IQ; and (3) it would not reduce the Court's workload. For these

reasons, Intus IQ respectfully asks that the Court deny Tropos' request to appoint a special master.

First, appointment of a special master would complicate and delay the administration of this seven-year old case.  Aside from claim construction, there are few issues that would require the expertise of a special master.  With respect to claim construction, the issues are limited and likely straightforward.  The parties are currently working together to narrow the number of terms in dispute.  Dkt. No. 144.  The meanings of the disputed terms can be resolved by looking to the patents themselves or to well-settled law on claim construction.  Further, the majority of the disputed terms have already been briefed in prior litigations.  A special master would therefore provide little benefit in this case.  The Court would still need to familiarize itself with the technology at issue, review the written recommendations of the special master, and then consider the parties' positions and their agreements or disagreements with the special master's recommendations. Appointment of a special master would only add steps and expense – serving only to prolong resolution of the key issues in this seven-year old case.

Second, the economic burden of paying a special master is likely to be high and have a disproportionate economic effect on Intus IQ.  A special master is likely

to be a patent attorney that would charge an hourly rate to,[1] among other things: review the parties' written submissions; review the intrinsic and extrinsic records; hold a *Markman* hearing; and issue a recommendation to the Court in some written form.  This process would be expensive even if the parties shared the cost equally.  Moreover, after the special master makes his recommendation to the Court, the parties may need to file additional briefing as to whether they agree or disagree with the special master's findings, and then the Court might entertain additional argument on such briefings.  Furthermore, because Defendants' proposed special master is located in Houston, Texas, the parties would be burdened with additional expenses related to travel as well as potential scheduling constraints.  These added complexities associated with appointing a special master would thus not only create great expense, but they would lead to considerable and unnecessary delay in resolution of this case.  Such delay and added expense may further hinder the parties' settlement efforts.

Finally, appointment of a special master would not reduce the Court's workload.  The Court will ultimately be required to review the technology and

---

[1]   Tropos' proposed Special Master, David Cabello, is in fact a patent attorney who is currently a partner at the firm Wong, Cabello, Lutsch, Rutherford & Brucculeri, LLP.  *See* http://counselip.com/attorneys/cabello.html.

make a determination following the review of the special master.  The Court will need to determine these same issues and understand the technology at issue before the conclusion of this case.  The appointment of a special master therefore does not obviate the need for the Court to gain a basic understanding of the technology at issue.

For these reasons, Intus IQ respectfully requests that the Court deny Tropos' request for appointment of a special master.  If nevertheless the Court is inclined to appoint a special master, Intus IQ suggests John North,[2] who is located in Atlanta and has acted as a special master in patent cases in the Northern District of Georgia.  Defendants' proposed special master, on the other hand, is located in Houston, Texas.  There is no justification for incurring the additional expense of hiring an out-of-state special master, particularly in Atlanta where the options are plentiful.

---

[2] John North's biography is available at: http://www.kasowitz.com/john-l-north/.

Respectfully submitted, this 28th day of May, 2013.

        ROBBINS GELLER RUDMAN
         & DOWD LLP

        By: */s/ Jessica M. Kattula*
          Jessica M. Kattula

        John C. Herman
        Georgia Bar No. 348370
        Attorney-in-charge
        Ryan K. Walsh
        Georgia Bar No. 735190
        Jessica M. Kattula
        Georgia Bar No. 414056
        ROBBINS GELLER RUDMAN
         & DOWD LLP
        3424 Peachtree Road, NE
        Suite 1650
        Atlanta, GA 30326
        Telephone: (404) 504-6500
        Facsimile:   (404) 504-6501
        jherman@rgrdlaw.com
        jkattula@rgrdlaw.com

        Attorneys for Plaintiff
        IPCO, LLC d/b/a Intus IQ

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1D, the undersigned counsel hereby certifies that the foregoing brief was prepared using 14-point Times New Roman font in accordance with L.R. 5.1.

                                        */s/ Jessica M. Kattula*
                                        Jessica M. Kattula

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2013, a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

                                        */s/ Jessica M. Kattula*
                                        Jessica M. Kattula