IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IP CO., LLC, | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| vs. | : 1:06-CV-0585-CC |
| TROPOS NETWORKS, INC., | : |
| Defendant. | : |

**ORDER**

This matter is before the Court on Defendant's Motion to Stay Pending *Inter Partes* Review [Doc. No. 180], Defendant's Motion for a Status Conference [Doc No. 185], Plaintiff's Motion to Strike Testimony of Dr. Elizabeth Belding [Doc. No. 156] and Defendant's Motion for Summary Judgment of Invalidity of the '516 Patent [Doc. No. 159].

**I. RELEVANT PROCEDURAL HISTORY**

Plaintiff IP Co., LLC ("IPCO") alleges that Defendant Tropos Networks, Inc. ("Tropos") is infringing two of its patents - U.S. Patent No. 6,249,516 ("the '516 Patent") and U.S. Patent No. 6,044,062 ("the '062 Patent") (collectively the "Asserted Patents"). In response, Tropos seeks declarations that the Asserted Patents are invalid, unenforceable, and/or not infringed.

This case was filed in March 2006. A stay was first entered on August 16, 2007, pending an *ex parte* reexamination of the Asserted Patents. The *ex parte* reexamination, conducted by the United States Patent and Trademark Office ("PTO"), yielded the confirmation of several claims, the amendment of two claims, and the cancellation of four claims then pending before this Court.[1] The stay was

---

[1] With respect to the '516 Patent, the PTO confirmed the patentability of claims 1-5 and 15-19, determined claims 6 and 10 are patentable as amended, and determined that claims 7-9 and 11-14, dependent on an amended claim, are patentable. (Doc. No. 74-2.)

lifted on September 8, 2011. The parties have since engaged in limited discovery and have completed claim construction briefing. No date has been set for a claim construction hearing nor has a date been set for trial.

## II. MOTION TO STAY PENDING *INTER PARTES* REVIEW

The *inter partes* review process allows a person who is not the owner of a patent to challenge the validity of patent claims on the grounds of anticipation or obviousness under 35 U.S.C. §§ 102 and 103, respectively, based on prior art. 35 U.S.C. § 311. The Leahy-Smith America Invents Act created the *inter partes* review process to replace and improve upon the previous *inter partes* reexamination. Automatic Mfg. Sys. v. Primera Tech., No. 6:12–cv–1727–Orl–37DAB, 2013 WL 6133763, at *2 (M.D. Fla. Nov. 21, 2013). Upon petition, the PTO is authorized to review challenged claims and to cancel claims determined to be invalid. See 35 U.S.C. § 318(b). If the PTO determines, however, that the patent is valid, the petitioner is bound by the decision of the PTO and is estopped from raising the invalidity of a claim in a civil action "on any ground that the petitioner raised or reasonably could have raised during inter partes review." 35 U.S.C. § 315(e)(2).

On July 31, 2013, ABB Technology Ltd. ("ABB"), a company affiliated with Tropos,[2] petitioned the PTO for *inter partes* review of the '062 Patent. On November 13, 2013, ABB submitted a petition on the '516 Patent. On November 22, 2013, Tropos filed a motion to stay the litigation pending *inter partes* review of both

---

With respect to the '062 Patent, the PTO confirmed the patentability of claims 2-4, 6-8, 10-12, and 14-16. The PTO cancelled claims 1, 5, 9 and 13. (Doc. No. 74-3.)

[2]Tropos contends that it is a subsidiary of ABB's sister company, but ABB has no control over Tropos and Tropos has no control over ABB. (Doc. No 180.) IPCO argues that ABB is Tropos's ultimate parent company and, therefore, *inter partes* review is inappropriate. (Doc. No. 183.) In granting the petition on the '062 Patent, the PTO considered and rejected IPCO's argument. (Doc. No. 186-1.) Nevertheless, the distinction of the entities bears no consequence for the purpose of deciding the motion to stay. The pertinent issue before the Court is the effect the PTO review could have on the Asserted Patents at issue, despite the identity of the party petitioning for review.

patents. On February 11, 2014, Tropos filed a Notice of Supplemental Authority and notified the Court that the PTO instituted a review on all claims of the '062 Patent. The petition for review of the '516 Patent is still pending before the PTO.

Courts have broad discretion to manage their dockets, which includes the power to grant a stay of proceedings. Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 57 S. Ct. 163, 81 L.Ed 153 (1936)). The expertise of the PTO will often encourage a stay of litigation pending the outcome of a PTO review. Several courts have recognized the benefits of staying infringement litigation while PTO review is underway:

> All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;] Many discovery problems relating to prior art can be alleviated by the PTO examination[;] In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;] The outcome of the reexamination may encourage a settlement without the further use of the Court[;] The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;] Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and] The cost will likely be reduced both for the parties and the Court.

Interface, Inc. v. Tandus Flooring, Inc., No. 4:13-CV-46-WSD, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013) (alterations in original) (quoting Tomco[2] Equip. Co. v. Se. Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008)).

The benefits of a stay, however, do not come without potential drawbacks. For example, a stay will inevitably delay the litigation for some length of time - which, in any degree, will appear too long to the opposing party. And, in cases where defenses extend beyond issues of validity, litigation may be necessary despite the outcome of the review. See Tomco, 542 F. Supp. 2d at 1307. Thus, the ultimate question for the Court to decide is: "will the benefits provided by staying the litigation outweigh the potential drawbacks?" Id.

To help balance these competing interests, courts must consider three factors: "(1) whether discovery is complete and a trial date has been set; (2) whether a stay

will simplify the issues in the case; and (3) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant." Interface, 2013 WL 5945177, at *4 (internal quotation marks omitted) (citing Tomco, 542 F. Supp. 2d at 1307). The Court considers each of these factors in turn.

### *A. Stage of the Litigation*

The current position of the case weighs in favor of a stay. Cases in the early stages of litigation are well-positioned for a stay. See Interface, 2013 WL 5945177, at *4; Mueller Water Prods, Inc. v. Victaulic Co., 1:12-CV-3446-JEC, 2013 WL 5423439, at *3 (N.D. Ga. Sept. 26, 2013). To date, no claim construction hearing or trial date has been set. Moreover, the parties have not engaged in any significant discovery. While the Court appreciates that this case has been pending for several years, this fact alone does not negate the reality that a trial of this matter could be in distant view. As such, the Court finds that this case is still in early stages of litigation and well-positioned for a stay. See Interface, 2013 WL 5945177, at *4 (granting defendants' motion to stay where no trial date had been set and discovery was ongoing); see also Tomco, 542 F. Supp. 2d at 1312 (granting defendant's motion to stay where no trial date was set and the case was well into discovery).

### *B. Simplification of the Issues*

All of the claims subject to this litigation are currently pending before the PTO - either on ABB's petition for *inter partes* review (the '516 Patent) or on the grant of ABB's petition and institution of a review (the '062 Patent). The PTO's decision as to these claims will be central to the resolution of this case. If the PTO finds that all claims are invalid, this suit could be disposed of in its entirety. If the PTO cancels some of the claims, the case will be simplified by a reduction of claims in dispute. Even if the PTO validates the claims, the decision of the PTO will greatly assist the Court in defining the scope of the claims at issue and rendering an ultimate determination as to infringement. See Evolve Composites, Inc., v. Diversitech Corp., No. 1:12-cv-02028-JEC, 2013 WL 958828, at *4 (N.D. Ga. Mar. 12, 2013).

IPCO suggests, however, that simplification of the issues is unlikely because the PTO previously determined the validity of the challenged claims during *ex parte* reexamination. IPCO's argument is unpersuasive. Courts have stated that once the PTO grants *inter partes* review, "the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation." Automatic Mfg. Sys., 2013 WL 6133763, at *2 (citing Capriola Corp. v. LaRose Indus., No. 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *2 (M.D.Fla. Mar.11, 2013)). Now that the PTO has instituted review on all claims of the '062 Patent, simplification of the issues is more likely. In granting ABB's petition and instituting review, the PTO concluded that there is a reasonable likelihood that ABB would prevail with respect to claims on the '062 Patent. (Doc. No. 186-1.)

The PTO's resolution of these issues will likely prevent duplicative efforts and conserve significant time and resources of both the parties and the Court. Accordingly, the Court finds that this factor weighs in favor of a stay.

### *C. Prejudice or Disadvantage to Plaintiff*

The gravamen of IPCO's opposition is that this case was previously stayed for four years pending the *ex parte* reexamination. Any further delay, IPCO argues, is inappropriate. The Court disagrees.

As an initial matter, *inter partes* review should not cause the lengthy delay experienced during the *ex parte* reexamination. The rules governing *inter partes* review set forth a relatively short timetable for resolving challenges to validity. Specifically, the PTO is required to accept or deny a petition for *inter partes* review within six months of its filing. See 35 U.S.C. § 314(b); 37 C.F.R. § 42.107. The petition for the '516 Patent was filed on November 13, 2013. Therefore, the PTO must grant or deny the petition in or before May 2014. The petition for the '062 Patent has already been granted.

Once the PTO grants *inter partes* review, it must conclude the review within one year of institution. See 35 U.S.C. § 316(a)(11). This time can be extended by six

months if good cause is shown. Id. A party dissatisfied with the PTO's decision can appeal to the United States Court of Appeals for the Federal Circuit. See 35 U.S.C. § 319.[3] The PTO instituted review of the '062 Patent on February 4, 2014. In adhering to the statutory guidelines, the PTO must make a final determination as to the '062 Patent in or before February 2015, unless a six-month extension is warranted.[4] If the petition on the '516 Patent is granted, a final determination will be made in or before May 2015, depending upon when the review is instituted, save any need for a good cause extension. These specific timing requirements should allay any concerns regarding another multi-year delay.

Moreover, IPCO fails to demonstrate how it will be prejudiced or disadvantaged by a stay. Courts have determined that a party may be prejudiced by a stay in a number of ways. Prejudice may arise where the party opposing a stay is a competitor and will suffer loss of business, loss in market share or other related harm. See, e.g., Davol, Inc. v. Atrium Medical Corp., No. 12-958-GMS, 2013 WL 3013343, at *3-5 (D. Del. June 17, 2013). Prejudice might also arise if the stay will cause difficulties in discovery, such as unavailability of witnesses. See, e.g., Anascape Ltd. v. Microsoft, 475 F. Supp. 2d 612, 617 (E.D. Tex. 2007). Neither of these appear to be the case here, and IPCO fails to articulate any other grounds supporting a claim of prejudice.

The only perceived harm that IPCO will suffer will be in the delay of the resolution of this matter. In light of the other factors favoring a stay, the passage of time, without more, is insufficient grounds to deny a stay.

---

[3]As noted by the court in Interface, an appeal of the PTO decision will further delay the litigation, but the benefit of guidance from the Federal Circuit "greatly outweighs the delay in the proceedings." Interface, 2013 WL 5945177, at *5 n. 5.

[4] Oral argument is currently scheduled in review of the '062 Patent for October 27, 2014. (Doc. 186-2.)

### *D. Conclusion on Motion to Stay*

Based on the Court's analysis of the foregoing factors, Tropos's Motion to Stay is **GRANTED**.  As of the date of this Order, the entirety of this litigation, including all proceedings and discovery, are **STAYED** pending a final disposition of the *inter partes* review proceedings for the Asserted Patents, including the exhaustion of any appeals that may be taken.  The parties are **DIRECTED** to file a Notice with the Court within ten (10) days of the final disposition of each of the *inter partes* review proceedings, advising the Court that the PTO has issued a final determination and setting forth the outcome of the review.

### III. MOTION FOR A STATUS CONFERENCE

Tropos filed a motion for status conference on February 11, 2014, upon learning that the PTO granted *inter partes* review on all claims of the '062 Patent. Tropos requested that the Court set a status conference to discuss scheduling in this matter.

In light of the Court's grant of Tropos's Motion to Stay, the Motion for a Status Conference is **DENIED** as moot.

### IV. MOTION TO STRIKE AND MOTION FOR SUMMARY JUDGMENT

On July 22, 2013, IPCO filed a Motion to Strike Testimony of Dr. Elizabeth Belding.  That same day, Tropos filed a Motion for Summary Judgment of Invalidity of the '516 Patent Based on 35 U.S.C. § 112.

In light of the Court's grant of Tropos's Motion to Stay, the Motion to Strike and the Motion for Summary Judgment are **DENIED** without prejudice. The parties may refile these motions once the PTO review is complete and the stay in this case is lifted.

### CONCLUSION

Defendant's Motion To Stay Pending *Inter Partes* Review [Doc. No. 180] is **GRANTED**.  Defendant's Motion for a Status Conference [Doc. No. 185] is **DENIED** as moot.  Plaintiff's Motion to Strike Testimony of Dr. Belding [Doc. No. 156] is

**DENIED** without prejudice. Defendant's Motion for Summary Judgment of Invalidity of the '516 Patent Based on 35 U.S.C. § 112 [Doc. No. 159] is **DENIED** without prejudice.

Because the Court has entered a stay, the Clerk of Court is **DIRECTED** to administratively close the case for statistical purposes. The case will be reopened after the completion of the *inter partes* review proceedings.

SO ORDERED this 5th day of March, 2014.

*s/ CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE